## Garden City Wire and Spring Co. v. John Kause et al.

1. REMEDIES—*When by Appeal.*—When a judgment by a justice of the peace is entered by default upon an irregular summons and the defendant has notice of such default and judgment in time, his remedy is by appeal. A bill to restrain the collection of the judgment will not lie.

2. JUDGMENTS—*Will Not be Set Aside for Irregularities Unless Unjust.*—Unless a judgment is unjust equity will not set it aside on account of irregularities as to the service of the summons.

3. WORDS AND PHRASES—"*If They do the Work.*"—A letter ordering smoke consumers contained the following, among other clauses : "If we find they do the work * * * we will take same and pay," etc., and "if we do not take the same you are to remove," etc. *It was held,* in a suit to collect the price of the consumers that if they in fact did "the work" the defendant was bound to so find and to take and pay for them.

Bill, to vacate a judgment. Appeal from Circuit Court, Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1896. Opinion filed October 22, 1896.

Parsons & Smith, attorneys for appellant.

J. W. Burdette, attorney for appellees.

Mr. Justice Gary delivered the opinion of the Court.

Had the appellees demurred to the bill of the appellant, and had the court sustained the demurrer and dismissed the bill for want of equity, on the ground that the appellant should have pursued its remedy by appeal from the judgment complained of, we would have affirmed the decree. Geraty v. Druiding, 44 Ill. App. 440.

Kause obtained a judgment against the appellant before a justice on the 6th day of February, 1896, but the copy of the summons left with the appellant stated the return day to be the 16th instead of the 6th. On the 17th, the appellant had notice of the judgment, and had therefore yet nine days in which to appeal. It did not adopt that remedy, but on the 20th filed this bill against Kause and the constable to enjoin the collection of the judgment. The appellees answered the bill, and though their answers contain the objection that the appellant has its remedy at law—stated in the present tense—that objection was not then true, as the time for an appeal had passed.

We will assume—without deciding—that the appellees have waived the defense that the appellant should have availed itself of its remedy by appeal.

But whatever the irregularity as to service of the summons, there is no relief in equity from the judgment unless it is unjust. See case already cited.

The cause of action upon which Kause recovered, was under a contract as follows:

"Chicago, Ill., November 16, 1896.

Mr. John Kause, City.

Dear Sir: Confirming conversation had with you to-day, would state, you may put in two'of your smoke consuming devices under our boilers and we will test the same in four weeks' time; if we find they do the work, and we have no trouble from the smoke inspector, we will take

same and pay you the sum of one hundred dollars for both devices; if we do not take same, you are to remove them without any expense to us and at a convenient time, when it will not necessitate our shutting down the plant. You to have them in during the present week, and, as stated above, it is to make no change in our present arrangement for firing our boilers.

Respectfully yours,

Garden City Wire & Spring Co.,

per Geo. Bancroft, Treas."

The appellant argues that under that contract it had the right to reject the smoke consumers at its own election regardless of whether they did the work, and of the conduct of the smoke inspector; citing Goodrich v. Van Nortwick, 43 Ill. 445. But there the contract was, if the article "suited" the purchaser, he was to keep it; if not, return it.

Here, while the words are "if we find they do the work," etc., the meaning is, that if the smoke consumers in fact did the work; in that event the appellant was bound to find that they did. Hawkins v. Graham, 149 Mass. 284.

The words "if we do not take same," confer no option upon appellant, but are only introductory to what is to be done if the smoke consumers should not do the work, etc.

On this question the preponderance of the evidence was with the appellees, and the court properly dismissed the bill for want of equity.

The decree is affirmed.