[No.. 3741. Decided August 30, 1901.]

THOMAS WILLLAMS, *Appellant,* v. JAMES BREEN, *Respondent.*

JUDGMENTS — VACATION — PROCEDURE — JOINDER OF CAUSES.

The fact that the proper procedure for the vacation of a judgment upon the grounds stated in Bal. Code, § 4953, is by motion,

while the procedure prescribed for the vacation of judgment for one of the causes provided in Id. § 5153 is by petition, would not preclude the applicant from presenting by way of petition his demand for relief, based upon a joinder of the causes of action provided for under those two sections of the Code.

SAME — NECESSITY OF VALID DEFENSE — HOW DETERMINED.

Bal. Code, § 5158, which provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered, does not contemplate a trial upon the merits, but merely that the court shall find that the facts alleged constitute a defense to the cause of action upon which the judgment is founded and that there is substantial evidence in support thereof.

Appeal from Superior Court, Stevens County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*J. A. Kellogg* and *Robertson & Miller,* for appellant.

*Voorhees & Voorhees,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The appellant, who was plaintiff below, obtained a judgment by default against the respondent in the superior court of Stevens county for personal injuries alleged to have been sustained by him while working in a smelter then being operated by the respondent and another. The judgment was entered upon the 13th day of October, 1899. On January 2d following the respondent filed a petition, praying for the vacation of the judgment and for permission to appear and defend the action upon its merits. In his petition he alleged, in substance, that the affidavits filed to show service of summons upon him did not truthfully recite the manner of the attempted service, and that in fact no service of summons in the manner required by statute had ever been made upon him; that, notwithstanding this fact, he had intended in good faith to appear in the action and defend the same upon its merits; that to this end, prior to the

expiration of the time for answering the complaint, he sought one of his co-defendants, and was informed by him that a firm of attorneys had been retained to defend the action for all of the defendants; and that, relying upon such information, and the positive belief that his interests were being taken care of, he took no further steps looking to his appearance or defense; that from this time until after the judgment was entered against him he understood and believed that his appearance had been made in the action, and that his rights were being protected, and learned for the first time after the judgment had been entered against him that no appearance had been made for him; that the failure of the attorneys employed by his co-defendants to appear for him was due to a misunderstanding between them and his co-defendants as to the scope of their employment. He further alleged that he had a valid defense to the merits of the action,—the facts constituting such defense being set out in  detail. The appellant demurred to the petition on the ground that it did not state facts sufficient to entitle the respondent to the relief asked, which demurrer being overruled, he answered, putting in issue the facts alleged.     Subsequently a trial was had in which both parties introduced evidence.    From the evidence the court found the facts substantially as alleged in the petition; and as conclusions of law therefrom found that the respondent, "by the filing of his said petition, in said action, in the manner and form in which the same was filed, without specially limiting such petition to the question of the service of the summons and complaint in said action, has waived such question and has submittted himself generally to the jurisdiction of the court in said action, and that said defendant, James Breen, is not entitled to have said judgments, or either of them, vacated because of any

failure in the service of the summons and complaint upon him in said action," but that he was entitled to have the judgment vacated on the other facts found by the court. An order vacating the judgment was entered accordingly. This appeal is from that order.

The learned counsel for the appellant contend that because the respondent has elected to follow the procedure for vacating judgments prescribed by ch. 17, tit. 28 of Bal. Code, his petition must contain a statement of facts warranting relief under one or more of the causes, in that chapter especially enumerated, for which a court is empowered to vacate a judgment, and that the facts recited in the petition do not warrant the vacation of the judgment for any of the causes mentioned in that chapter. They contend, further, that, if it be conceded that the petition does state facts sufficient to warrant relief for the causes set out in § 4953 of the Code, it cannot avail the respondent, because the remedy for relief under that section is by motion, notice, and affidavit, and cannot be had by the form of procedure followed in the case before us. While, in determining questions of this character, as we said in *Hull v. Vining,* 17 Wash. 352 (49 Pac. 537), the court ought not to indulge in any refined distinctions which might amount to a denial of justice, we think it can fairly be doubted whether the facts recited in the petition and found by the trial court make a case for vacating the judgment within the meaning of any of the causes enumerated in the chapter of the Code above cited. On the other hand, we are clear that he has made a case of mistake and excusable neglect, within the meaning of § 4953. The question, then, is, can relief be granted him under this form of procedure? Owing to the fact that the legislature has expressly provided that the proceedings to obtain the benefit of certain of the causes for

vacating judgments enumerated in § 5153 of ch. 17, tit. 28, of the Code, shall be by petition, this court has felt compelled to hold that this form of remedy for these specially enumerated causes is exclusive, and must be pursued before the court is authorized to grant relief from a judgment for any of such causes. *Whidby Land, etc., Co. v. Nye,* 5 Wash. 301 (31 Pac. 752). We have also held that relief could be had for the causes mentioned in § 4953 upon motion of the party adversely affected by the judgment, supported by affidavit, after notice given in conformity with the statute relating to notice generally. *Spokane & Idaho Lumber Co. v. Stanley, ante,* p. 653. But we have not held that the remedy to obtain the benefit of this section was by motion exclusively. Looking to the face of the section, and the principles governing the practice generally, there would seem to be no conclusive reason why it should be so. The section itself does not prescribe a procedure; and while, because of this fact, the court would usually look to the general rather than to a special procedure for rules governing the practice under it, if a substantial reason appeared for following the special procedure, it ought to be permitted to be controlling. Here, we think, a substantial reason did appear. The respondent conceived that the facts of his case warranted relief from the judgment rendered against him under two distinct causes for which the Code permitted relief to be had from a judgment, one of which required that the application thereunder should be made by petition, while the other permitted the application to be made by motion. If it is to be held that these two causes cannot be joined in one form of procedure, then the applicant was driven to one of three alternatives: He had either to institute two distinct proceedings for relief against the judgment and prosecute them at the

same time; or he had to institute one, prosecute it to a final determination, and, if he failed of success, institute the other; or he had to make his choice of causes at his peril. It is not in accord with the spirit of the Code that the practice thereunder should be made unnecessarily cumbersome, nor is it in accord with justice that the form of relief should be so restricted as to deny to a litigant any of the rights guaranteed him by the Code; and we feel constrained to hold, therefore, that in an application to vacate a judgment the causes prescribed by §§ 4953 and 5153 may be joined under the form of procedure pointed out by that chapter of the Code of which § 5153 forms a part.

The statute provides (§ 5158) that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment is rendered. In the case before us the trial court made the necessary adjudication; but it is said this could only be done after a trial of the defense upon its merits, and that here there was no such trial. But the statute cannot mean that the court must hear the entire cause, and grant the petition only when it appears that the evidence preponderates in favor of the applicant. The weight and sufficiency of evidence in this form of action are questions for a jury. It is sufficient to determine the question here presented, that the court finds that the facts alleged constitute a defense to the cause of action stated in the complaint, and that there is substantial evidence to support the allegations. These matters are sufficiently shown in the present record.

The order will stand affirmed.

REAVIS, C. J., and DUNBAR, WHITE and ANDERS, JJ., concur.