(No. 5309. Decided June 30, 1905.)

J. W. SNIDER *et al., Respondents,* v. FRED BADERE *et al., Defendants,* MITCHELL, LEWIS & STAVER COMPANY, *Appellant.*[1]

JUDGMENT—VACATION—APPEAL—RECORD—FAILURE TO SHOW WANT OF JURISDICTION. Upon appeal from a judgment entered upon find-ings of fact and conclusions of law, regular on its face, and appar-ently entered upon the service of due process, it will be presumed that the court acted within its jurisdiction where the appellant brings up in the record only the summons, affidavit of service, decree, notice of appeal, and motion to vacate for defects in the summons, and fails to show affirmatively that the court acted without jurisdiction, there being nothing to show that it was a default judgment, or that there was no appearance or no subsequent summons.

Appeal from a judgment of the superior court for Kitti-tas county, Rudkin, J., entered May 7, 1904, upon findings in favor of the plaintiffs, in an action upon contract. Affirmed.

*Shank & Smith* and *H. C. Belt,* for appellant.

*W. D. Lambuth,* for respondents.

PER CURIAM.—This is an appeal of defendant Mitchell, Lewis & Staver Company, from a judgment alleged to have been taken by default against it, the contention being that the summons served was not definite enough to give the court jurisdiction over the persons of the defendants. This

[1] Reported in 81 Pac. 302.

question, however, as we view the law governing this case, it is not necessary to decide. The appellant has brought here only the summons, affidavit of service, decree, and notice of appeal. The decree, after the entitling of the cause, is as follows:

"This cause coming on this day, on motion of plaintiffs for judgment and decree in accordance with the finding of facts and conclusions of law made and filed herein, and the court being now fully advised, grants said motion. Wherefore, it is by the court considered, adjudged, and decreed that plaintiffs have judgment against the defendants," etc.

It is well established that every intendment will be brought to bear to sustain a judgment which is regular on its face, and, in the absence of a showing to the contrary, the presumption will be that the court acted within its jurisdiction. There is nothing in this record to show that the judgment was a default judgment, or that subsequent summons might not have issued, or that the parties defendant did not appear. If the summons was not sufficient to give the court jurisdiction, it might well be that one of the findings of fact spoken of by the court was a finding to the effect that the defect in the summons had been cured by the appearance of the defendants. Those findings are not before this court, and the language of the court indicates that the judgment was based upon regular proceedings; and, in the absence of a showing to the contrary, this court will not presume that the trial court acted without jurisdiction.

A supplemental record, however, has been filed by the appellant, evidently with the intention of curing the want of a necessary showing of lack of jurisdiction in the record, to the effect that the defendant, appellant here, moved for the vacation of the judgment for the reason that the summons upon which said purported default judgment was rendered was insufficient to give jurisdiction to the court to render any personal judgment against the defendant. But,

if the appellant relies upon this supplemental record, its showing is also in this regard absolutely insufficient, for not only does it fail to set forth a default judgment, but there is no record presented here which would indicate that the court had denied the motion to vacate, the supplemental record simply setting forth the affidavit of service of the motion, the motion to vacate, and the motion to quash the pretended service of the summons. The appellant, having failed to affirmatively show that the judgment of the court— which is regular upon its face and the recitals of which indicate that it is based upon jurisdiction—was actually rendered without jurisdiction, cannot prevail upon this appeal.

The judgment is affirmed.