BANKERS UNION OF THE WORLD, APPELLANT, V. ELAM H.
LANDIS, GUARDIAN, APPELLEE.

FILED FEBRUARY 8, 1906. No. 14,164.

1. **Appeal.** Questions not raised by the pleadings in the court of original jurisdiction cannot be considered by the supreme court on appeal.

2. **New Trial: EQUITY.** Where it would be proper for a court of law to grant a new trial, if the application had been made while that court had the power, it is equally proper for a court of equity to do so, if the application is made when the court of law has no means of granting such a trial; but a court of equity will only grant such relief in case of newly discovered evidence, surprise or fraud, or where a party is deprived of the means of defense by circumstances beyond his control. *Horn v. Queen*, 4 Neb. 108.

3. ———: **DILIGENCE.** Where it is shown that the plaintiff has not used ordinary diligence in making or attempting to make his defense in the former action, he will be denied a new trial.

4. ———: **SHOWING.** In such a case the plaintiff must also plead and prove that he has a valid defense to the action in which the judgment complained of was rendered.

5. **Evidence** examined, and *held* sufficient to sustain the judgment of the district court.

APPEAL from the district court for Seward county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*Matthew Gering,* for appellant.

*Landis & Schick* and *Norral Bros. contra.*

BARNES, J.

The appellant commenced this action in the district court for Seward county to set aside a certain judgment which had theretofore been rendered against it in that court in favor of Alice N. Landis, and to obtain a new trial in said action. The facts on which the appellant relied for relief are stated in the petition, in substance, as follows:

43

That the plaintiff is a fraternal insurance company, and the defendant, Elam H. Landis, is the duly appointed guardian of Alice N. Landis, to whom the plaintiff issued its insurance policy; that on September 22, 1903, Alice N. Landis recovered from the plaintiff, in the county court of Seward county, a judgment for $500, and interest thereon, upon the said insurance policy, and that plaintiff appealed therefrom to the district court; that in January, 1904, and while said action was pending in the district court, the attorney general of the state commenced a suit in the supreme court enjoining the plaintiff from pursuing its business as an insurance company; that its business was placed in the hands of a receiver, and from the date of issuance of the injunction plaintiff was constantly under the direction of the supreme court, and was prevented, by reason of said proceeding, from performing its duties as an insurance company, and was prevented from prosecuting any action at law which was then pending in behalf of or against the plaintiff; that such receiver was in charge of said company until June, 1904, at which time the injunction was dissolved; that while the injunction was in force, and prior to the entering of said judgment in the district court plaintiff advised the clerk and the judge of said court that it was prevented from appearing or defending, or from pursuing its business, by reason of said injunction; and said clerk and judge knew that plaintiff was in charge of a receiver and under injunction, and by reason thereof plaintiff did not appear to defend said suit; that while said injunction was in force said cause was tried, and a judgment was rendered against plaintiff in its absence; that after said cause was filed in the district court it was stipulated between the parties that said cause should be tried upon the petition and answer, together with the demurrer to the answer filed in the county court, and that without the knowledge of the plaintiff said judgment was rendered inadvertently, and at a time when plaintiff was unable, by reason of said injunction, to appear in said cause; that the plaintiff has a good and valid

defense to said action, as appears from the answer filed in said cause, and that plaintiff had no knowledge of the entry of such judgment, or that said cause was tried, until after the adjournment of the last term of court, and is now willing and ready to pay any and all costs in said cause.

The defendant answered this petition, admitting the first paragraph thereof, and denying each and every other averment contained therein. Further answering, the defendant alleged, in substance, that one Alice N. Landis, by Elam H. Landis, her guardian, on February 24, 1904, recovered a judgment on a policy of insurance against the plaintiff in the district court for Seward county, on which date said cause was regularly reached for trial, and the term of said court at which said judgment was rendered adjourned without day on March 31, 1904; that said judgment was in full force and effect, unappealed from, unreversed, unpaid and unsatisfied; that said policy of insurance was in full force and effect, and that from the time of the institution of the suit thereon in the county court on September 22, 1903, and during the pendency thereof, and since the rendition of said judgment, the plaintiff has accepted and received monthly payments on said policy, and receipted for the same. The reply was a general denial. The trial resulted in a general finding for the defendant, and the plaintiff appealed.

The appellant's first contention is that the district court for Seward county was without jurisdiction to render the judgment complained of because, after adjudging appellant to be in default, the plaintiff's evidence was received, and judgment was rendered, without the intervention of a jury. As this objection relates to the manner of procedure only, it is sufficiently answered by saying that no such issue was tendered by the petition herein, and that question cannot be raised for the first time in this court.

It is claimed by counsel for the appellee that this action cannot be maintained; that in order to obtain a new trial the appellant must proceed by motion in the same case, under the provisions of section 602 of the code. This

claim is not well founded. It was held in *Horn v. Queen,* 4 Neb. 108.

"Where it would be proper for a court of law to grant a new trial, if the application had been made while that court had the power, it is equally proper for a court of equity to do so, if the application be made when the court of law has no means of granting such trial."

The rule thus established has been followed in an unbroken line of decisions from that day to the present time. It is equally well settled that a court of equity will only grant relief in case of newly discovered evidence, surprise or fraud, or where a party is deprived of the means of defense by circumstances beyond his control. If a party establishes any of these grounds, and in addition thereto pleads and proves that he has a valid defense to the former suit, he may have relief in the present form of action.

Keeping in view the foregoing rules, we come now to dispose of the main questions involved in this case. The appellant relies, as an excuse for its default and failure to defend when the case came on for trial in the district court, on the fact that an injunction had theretofore been obtained against it in this court, and its books, papers and records were in the hands of a receiver; that by the terms of the injunction it was restrained from transacting any business whatever. It is true that sometime in January, 1904, such an order was made by this court, but it appears the order was modified upon the giving of a certain bond by the appellant, and that the bond was given and approved on the 5th day of February, 1904. From that day to the time of the trial of the cause in the district court appellant was transacting its regular business, and its officers had access to its books, papers and records for that purpose. So it could have made its defense to the action, and the order of injunction constituted no excuse for its failure to do so.

It further appears from the testimony of appellant's counsel, who was in charge of the case in Seward county, that he was not personally engaged in the litigation in this

court; that he took no part therein, and no reason is shown why he could not have been present in the district court on the 24th day of February, 1904, when the case regularly came on for trial. It is not shown that appellant made any request to be permitted to use its books, papers and records for the purpose of defending in said action, as it could have done under the modified order of injunction. Again, no application was made to the district court for Seward county for a continuance of the cause there pending because of the injunction of this court, and the receiver was not requested to appear in that action and defend for the appellant. The only diligence exercised by counsel was to write a letter to the clerk of the district court informing him that the order of injunction had been allowed, and that a receiver had been appointed. Again, the evidence fails to show that the parties stipulated to try the cause on the same pleadings used in the county court. On the contrary, it appears that counsel for the plaintiff had, from time to time, notified appellant's counsel of the condition of the docket, and when the case would be reached for trial. Information had been given him of the fact that the plaintiff had filed a new petition, and suggestion had been made in the letter containing such notice that the answer used in the county court might be filed, and serve for the answer in the district court, if counsel desired to pursue that course, and, yet, appellant neglected to even take the precaution of filing such answer. So, when the case was regularly called for trial, appellant was in default, and there was nothing left for the court to do but to enter such default, and permit the plaintiff to proceed to judgment. The lack of ordinary diligence on the part of the appellant, as shown by the evidence herein, is fatal to its right to relief in the present action.

There is another reason why the judgment of the trial court must be affirmed. The appellant failed to plead any substantive facts which constitute a defense to the petition on which the judgment complained of was rendered. It is true, as above stated, that the petition

contains an allegation that "the plaintiff has a good and valid defense to said action, as appears from the answer filed in said cause." This statement, however, is a mere conclusion of law, and although it was treated as sufficient to permit the introduction of evidence on that point by the trial court, yet the proof shows that the alleged defense was practically without merit. It was claimed on the part of the appellant that, after the policy in question was issued and delivered to Alice N. Landis, the appellant changed its by-laws so that she was not entitled to recover for her total disability. It was admitted that but for such change she could recover, and that in case of a recovery judgment should be rendered for the sum of $500. It appears that sometime prior to the 15th day of March, 1902, the board of directors of appellant passed a resolution amending its by-laws, and that according to the terms of such resolution the contract with the assured was changed and altered, but it was held by this court that the board of directors above mentioned was not a representative body, and the appellant was restrained from transacting business until it so amended its constitution and by-laws as to give it a representative form of government. It is alleged in the petition of the assured that her disability accrued sometime before the 15th day of March, 1902, and that fact is undisputed. The evidence shows that the attempted change in the by-laws above mentioned was not approved or ratified by the grand lodge of the appellant until its session of 1902, which was held sometime in May of that year. So we are inclined to the view that the answer of the appellant in the case wherein the judgment complained of was rendered did not present a defense to such action.

For the foregoing reasons, the judgment of the district court was right, and it is hereby

AFFIRMED.