[No. 6151. Decided June 27, 1906.]

A. H. HOEFER, *Respondent*, v. E. P. SAWTELLE *et al.*, *Appellants.*[1]

JUDGMENTS—VACATION—MERITORIOUS DEFENSE—PETITION—SUFFI-CIENCY. In a proceeding to vacate a judgment brought by defendants, within one year, for fraud on the part of defendant's attorneys in stipulating for a judgment of dismissal, the petition is insufficient where it fails to set forth the facts constituting the defense to the action, and it is not sufficient to allege generally that they have a meritorious defense.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered October 23, 1905, dismissing an

1Reported in 85 Pac. 853.

action for the vacation of a judgment, upon sustaining a demurrer to the petition.    Affirmed.

*Maurice A. Langhorne,* for appellants.

*Millett & Harmon* and *Agnew & Israel,* for respondent.

Dunbar, J.—Action by appellant to vacate a judgment. The petition alleges that, on or about July 2, 1901, the plaintiff brought an action against the petitioners to recover the possession of a certain tract of land; that in response to a summons they appeared in said action by an attorney whom they had employed to defend said action; that thereafter on the 29th day of September, 1904, the said attorney, acting without the scope of his authority, made and entered into a stipulation with the attorneys for the plaintiff whereby it was stipulated and agreed that the plaintiff might have judgment entered in accordance with the stipulation; that thereafter judgment was entered in accordance with said stipulation; that petitioners' said attorney had no power or authority to make and enter into said stipulation; that his employment was for the sole and express purpose of defending the suit brought against the petitioners; that the petitioners had no knowledge of the fact that their said attorney had entered into said stipulation until shortly before the commencement of this proceeding; and the petitioners also aver that they have a meritorious defense to the action brought against them by the plaintiff.    A demurrer was interposed to the petition on the ground that it did not state facts sufficient to justify the relief prayed for.    Such demurrer was sustained by the court.    The petitioners elected to stand upon their petition, whereupon the court entered its judgment dismissing the petition, and from such judgment this appeal was prosecuted.

The only question presented was whether the court erred in sustaining the demurrer to the petition.    We are of the opinion that the demurrer was properly sustained.    This action was brought within a year from the dismissal of the action

and was evidently brought within the provisions of Bal. Code, chapter XVII, which provides for the vacation and modification of judgments. Section 5156 (P. C. § 1036), provides that the petition shall be verified by affidavit setting forth the judgment or order, the facts or errors constituting a cause to vacate or modify it, and if the party is a defendant, the facts constituting a defense to the action. Section 5158 (P. C. § 1040), provides that the judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment is rendered. It would be impossible for the court to have adjudged that there was a valid defense to the action under the averments of the petition which, in this respect, is simply a bare conclusion that appellants have a meritorious defense to the action brought against them.

The requisites of a petition in this character of case is thus announced by Black on Judgments (2d ed.), § 346a,

"The applicant must show that he has a valid and meritorious defense to the action; and this must be made to appear, not by a mere averment that he has such a defense, but by setting forth fully the facts which constitute the proposed defense."

This is the rule under ordinary statutes which are not as strong as ours, but the author proceeds to state a case which falls squarely within our statute. The language is as follows:

"And in some of the states, it is provided by statute that a judgment shall not be vacated until it is adjudged that there is a valid defense to the action, or, if the plaintiff seeks its vacation, that there is a valid cause of action. Where this provision is in force, it is error for the court to render a judgment of vacation before it has adjudged that there is a valid defense;"

and, as we have before said, it would be impossible for the court to so adjudge without a more definite allegation of the facts, or at least without some allegation of fact. With this view of the petition, it becomes unnecessary to discuss the

power and authority of the attorney to enter into the stipulation complained of.

The judgment is affirmed.

MOUNT, C. J., CROW, RUDKIN, FULLERTON, HADLEY, and ROOT, JJ., concur.