[No. 6748. Decided September 26, 1907.]

JOHN BRANDT, *Appellant*, v. M. A. LITTLE, *Respondent*.[1]

JUDGMENT—VACATION—BY ACTION—MERITORIOUS DEFENSE. In an independent action in equity to vacate a judgment,, alleged to be void for want of jurisdictional process, it is necessary for the plaintiff to allege that he has or had a meritorious defense, or that the judgment was inequitable, the plaintiff not being a nonresident.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 27, 1907, upon sustaining a demurrer to the complaint, dismissing an action to vacate a judgment. Affirmed.

*Fred H. Peterson* and *H. C. Force*, for appellant.

*J. H. Allen* and *James A. Dougan*, for respondent.

ROOT, J.—This is an action in equity to vacate a judgment, upon the ground that in the original action no summons, complaint, nor any process of any kind was served upon this plaintiff, who was one of the defendants therein. A demurrer was sustained to the complaint, upon the ground that it did not allege that appellant had a defense upon the merits to the original suit. Appellant electing to stand upon his complaint, a judgment of dismissal was entered, and from this the present appeal is prosecuted.

It is urged by appellant that, in an action to set aside a judgment obtained without jurisdiction, no showing of merits is necessary, and reliance is placed upon the cases of *Hole v. Page*, 20 Wash. 208, 54 Pac. 1123, and *Bennett v. Supreme Tent Maccabees*, 40 Wash. 431, 82 Pac. 744. In each of the cases cited, a motion was made in the original case to set aside the judgment, and the lack of jurisdiction appeared upon the face of the record. The general rule, however, seems to be that, in cases where an independent action is

[1]Reported in 91 Pac. 765.

brought in equity to set aside the judgment complained of—
especially where the defect of jurisdiction does not appear
upon the face of the record—it is necessary to make a show-
ing that the party has, or at the time of the entering of the
judgment complained of did have, a good and sufficient de-
fense, in whole or in part, to the action, and that a different
result would or should have been obtained had the complainant
had an opportunity to defend in said action. In other words,
the complainant, upon invoking the assistance of a court of
equity, must show that the former judgment was inequitable.
This would seem to be a wholesome and salutary rule. The
time and the attention of the court ought not to be consumed
in hearing a proceeding to set aside a former judgment un-
less such judgment has in reality prejudiced the rights of the
party complaining. If it is not made to appear that any dif-
ferent result would or should have been reached had he been
properly served, then he is not in a position to say that any-
thing inequitable has been done him. It is possible that there
may be exceptions to this rule, as in the case of a nonresident,
or perhaps in a case where, had the defendant known of the
judgment being taken against him, he could have paid, ad-
justed, or satisfied it more advantageously, although, as to
these matters, we do not decide at this time.

As to the necessity for a showing of merits, we cite the fol-
lowing authorities: *Hill v. Lowman*, 15 Wash. 503, 46 Pac.
1042; *Dunklin v. Wilson*, 64 Ala. 162; *State v. Hill*, 50 Ark.
458; *Jeffery v. Fitch*, 46 Conn. 601; *Budd v. Gamble*, 13
Fla. 265; *Wiley v. Pratt*, 23 Ind. 628; *Garden City Wire Co.
v. Kause*, 67 Ill. App. 108; *Gifford v. Morrison*, 37 Ohio St.
502, 41 Am. Rep. 537; *Gerrish v. Seaton*, 73 Iowa 15; *Pig-
gott v. Addicks*, 3 G. Greene (Iowa) 427, 56 Am. Dec. 547;
*Stokes v. Knarr*, 11 Wis. *389; *Harris v. Gwin,* 10 S. & M.
(Miss.) 563; *Newman v. Taylor*, 69 Miss. 670; *Fowler v.
Lee*, 10 Gill & John. (Md.) 358, 32 Am. Dec. 172; *Herbert
v. Herbert*, 49 N. J. Eq. 70; *Gregory v. Ford*, 14 Cal. 139;

*Bank v. Bray,* 37 Mo. 194; *Kramer v. Gerlach,* 28 Misc. Rep. 525, 59 N. Y. Supp. 855; *Dawson v. Daniel,* Fed. Cas. No. 3668; Freeman, Judgments, § 498; 16 Am. & Eng. Ency. Law (2d ed.), 386, 387; 3 Pomeroy, Equity, § 1364 and note. See, also, *Northern Pac. etc. R. Co. v. Black,* 3 Wash. 327, 28 Pac. 538; *Western Security Co. v. Lafleur,* 17 Wash. 406, 49 Pac. 1061. .

The judgment of the superior court is affirmed.

HADLEY, C. J., MOUNT, CROW, RUDKIN, and DUNBAR, JJ., concur.