[No. 9125.   Department Two.   November 22, 1910.]

FRED B. LUSHINGTON, *Appellant*, v. SEATTLE AUTO AND
DRIVING CLUB, *Respondent*.[1]

JUDGMENT—VACATION—ESTOPPEL—DISCRETION. It is not an abuse
of discretion to vacate a void default judgment against a corporation, where the claim of estoppel to dispute the judgment was met by
counter affidavits.

SAME—AFFIDAVIT OF MERITS. Upon a motion to vacate a default
judgment, for the reason that no service was had upon the defendant, an affidavit of merits is not necessary.

SAME—TIME FOR APPLICATION—LACHES. A motion to vacate a
judgment, void for want of jurisdiction over the person of defendant, may be made at any time without regard to laches.

CORPORATIONS—ACTIONS—LIST OF OFFICERS—FAILURE TO FILE—
EFFECT. Failure to comply with Rem. & Bal. Code, §§ 3691, 3692, requiring a corporation to file a list of its officers with the county auditor, does not prevent the corporation from moving to set aside a
judgment secured on service upon one who was not an officer of the
corporation.

Appeal from an order of the superior court for King
county, Main, J., entered May 25, 1910, vacating a default
judgment for want of jurisdiction. Affirmed.

*L. J. Kohler* and *H. E. Spence* (*Milo A. Root*, of counsel),
for appellant.

*Frank S. Griffith*, for respondent.

CHADWICK, J.—Plaintiff began an action against defendant, a local corporation, and served a summons and complaint
upon one J. H. Van Asselt. At the time of service plaintiff
believed, and the return of service recites, that Van Asselt
was president of the defendant. In fact, his term of office
had expired a few weeks before, and at the time of service he
had no official connection with the company. Upon a show-

[1]Reported in 111 Pac. 785.

ing of these facts, the trial judge set aside the default and judgment, and plaintiff has appealed.

Appellant urges a state of facts which he insists should estop respondent from questioning the service, or the jurisdiction of the court, it being contended that he was misled by certain officers and stockholders of the company, and that it cannot now be heard to say that the service was invalid; and further that, respondent having through its officers negotiated with appellant for a settlement of the judgment, it is bound, whatever infirmity there may have been in obtaining service upon it.    These questions were submitted to the trial judge upon conflicting affidavits.    The principal question is, therefore, whether the court abused its discretion in vacating the judgment.    We think the record fairly shows that Van Asselt was not the president of the respondent at the time service was made on him, and the evidence of estoppel (if it be the rule that an estoppel will work in such cases) being met by counter affidavits, we must hold that there was no abuse of discretion on the part of the trial judge.

It is further contended that, in any event, the judgment of the lower court must be reversed, because no affidavit of merits was filed in support of the motion to vacate.    Appellant relies upon *Hoefer v. Sawtelle*, 43 Wash. 23, 85 Pac. 853, and *Brandt v. Little*, 47 Wash. 194, 91 Pac. 765, 14 L. R. A. (N. S.) 213, and cases there cited.    It is true that the *Brandt* case contains some expressions which might give color to appellant's contention, but when we remember that that was an equity case, and that the rule for vacating or modifying judgments in equity still prevails, although possibly without reason under our present forms of practice, and that the original distinctions affecting procedure in vacating judgments at law and in equity have been preserved, it will be understood that that case cannot be held to be controlling in this one.    Here a motion was made to vacate a default judgment because jurisdiction had not been obtained over the person of the defendant.    In such cases the law re-

quires no showing other than that defendant was, in fact, not served with the process of the court.    The right to vacate such judgments does not arise out of, nor does the procedure to secure the right depend upon, the statute.    Rem. & Bal. Code, Title 3, ch. 17. It is inherent in the court itself.    It is no more nor less than the power possessed by every court to clear its records of judgments void for lack of jurisdiction.    *Dane v. Daniel,* 28 Wash. 155, 68 Pac. 446.    It is only in such proceedings as are brought under the statute that an affidavit of merits, or, if the proceeding be by petition, that a showing of merits is required.    But where a judgment is attacked for want of jurisdiction in the principal case, a showing to that effect is sufficient.    In *Sturgiss v. Dart,* 23 Wash 244, 62 Pac. 858, this court said:

"But the statute has no reference to the vacation of a judgment entered upon an attempted service of summons void on its face, or, what is the same thing, to a judgment entered without the service of summons at all.    Such a judgment is in legal effect no judgment.    No rights are acquired or divested by it.    It can neither bind nor bar anyone.    And a court of general jurisdiction can, by virtue of its inherent powers and without the aid of statutes, clear its records of such a judgment, no matter in what form or in what manner the application to it to do so is made."

And in *Bennett v. Supreme Tent etc. Maccabees,* 40 Wash. 431, 82 Pac. 744, 2 L. R. A. (N. S.) 389, "the authorities generally agree that no affidavit of merits is necessary in support of an application to set aside a judgment which is void for want of jurisdiction."    Such, too, is the logic of the case of *Snider v. Badere,* 39 Wash. 130, 81 Pac. 302, where a motion to vacate was denied because the judgment was fair upon its face, and no affirmative showing of a want of service was made.

This being so, it follows that appellant's further contention, that respondent was guilty of laches, is without merit.

"It is universally conceded that a judgment void for want of jurisdiction over the person of the defendant may be va-

cated on motion, irrespective of the lapse of time." *Dane v. Daniel, supra.*

Appellant finally contends that respondent had not filed a list of its officers in the office of the county auditor, as required by Rem. & Bal. Code, §§ 3691 and 3692. This delinquency would not warrant service upon one whose official connection with the corporation had ceased, unless it was so provided by the statute.

Finding no reversible error in the record, the judgment of the lower court is affirmed.

RUDKIN, C. J., CROW, and MORRIS, JJ., concur.

DUNBAR, J., concurs in the result.