[No. 13633. Department One. July 25, 1917.]

## CHEHALIS COAL COMPANY, *Respondent*, v. E. M. LAISURE, *Appellant*.[1]

APPEAL—REVIEW—FINDINGS—NECESSITY. Findings of fact are unnecessary in a suit in equity, and on trial *de novo* on appeal, the supreme court must look to the evidence.

JUDGMENT — VACATION — DIRECT ATTACK — EVIDENCE. A suit in equity to set aside a judgment is a direct attack in which evidence *de hors* the judgment roll is admissible.

SAME—VACATION—AFFIDAVITS OF MERITS — NECESSITY. The rule that equity will set aside a judgment absolutely void for lack of service on evidence aliunde the record, without a showing of merits, does not apply to a judgment that was simply voidable, because prematurely entered without notice, after appearance by the defendant during the pendency of a motion, in which case it must be shown that the defendant has a valid defense on the merits and that there is substantial evidence to support the allegations.

SAME. In proceedings under the statute to set aside a voidable judgment for mistake or surprise under Rem. Code, § 303, or for irregularity or fraud in obtaining it under § 464, it is necessary to meet in addition the provisions of § 469, requiring an adjudication that there is a valid defense.

SAME—LIMITATIONS—DISCOVERY OF FRAUD. Where it is sought to set aside a judgment for fraud and irregularity in obtaining it, for grounds specified in Rem. Code, § 464, it is a general rule that the parties must bring themselves within the terms and conditions of

[1]Reported in 166 Pac. 1158.

the statute; but the application may be made by an independent suit in equity, where a failure to discover the ground within the time limited by the statute is traceable to fraud or concealment of the adverse party.

SAME — VACATION — FRAUD — EVIDENCE — SUFFICIENCY.  Where a judgment for personal injuries was taken without notice after appearance by the defendant and during the pendency of a motion, by substituted attorneys for the plaintiff who had no notice of the defendant's appearance, and the original attorneys for plaintiff had not informed the client of the defendant's appearance, the plaintiff was guilty of fraud in procuring the judgment, since he was chargeable with the knowledge of his original attorneys.

SAME—VACATION—MERITORIOUS DEFENSES—COMPLAINT—SUFFICIENCY.  A complaint in an action to vacate a default judgment for personal injuries sufficiently sets forth that the defendant has a meritorious defense, where many material allegations on which the judgment was based are specifically denied and in detail alleged to be untrue to the knowledge of the party making them.

APPEAL—DECISION—REMAND.  In an action to set aside a judgment, in which the plaintiff failed to introduce substantial evidence to show that he had a meritorious defense, owing to incoherence in the decisions of the supreme court, the case will be remanded for a new trial.

APPEAL—DECISIONS APPEALABLE—VACATION OF JUDGMENT.  The supreme court has jurisdiction of an appeal from a judgment in an independent action in equity vacating a judgment for fraud in its procurement which was not discovered until after the expiration of one year limited by statute for proceeding in the original case, since it cannot be treated as a proceeding in the original case from which no appeal would lie.

CHADWICK, J., dissents in part.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered January 14, 1916, upon findings in favor of the plaintiff, in an action to open a default judgment.  Reversed.

*Thacker & Hancock* and *Hayden, Langhorne & Metzger,* for appellant.

*W. A. Reynolds* and *O. J. Albers,* for respondent.

ELLIS, C. J.—Action to set aside a judgment for irregularity and fraud in its procurement.

On August 30, 1911, E. M. Laisure commenced an action for personal injuries against the Chehalis Coal Company, by serving a complaint signed by his attorneys, Owens & Finck, of Seattle, and an unsigned copy of the summons. On September 19, 1911, the coal company, through its attorneys, Reynolds & Stewart, served a motion on Owens & Finck as attorneys for Laisure to make the complaint more definite and certain and for a bill of particulars. Service of these motions was accepted in writing by Owens & Finck on September 19, 1911. Sometime subsequently, Owens & Finck removed from the state of Washington, and Laisure secured through a third party the original summons and complaint. He was not advised by his former attorneys, and did not know, that the coal company had served the motions, nor that it had in anywise appeared in the action. On April 19, 1912, Laisure caused the summons and complaint to be filed in the superior court for Lewis county. On April 25, 1912, he petitioned the superior court of Lewis county to have Thacker & Hancock, of Chehalis, substituted as his attorneys in the place of Owens & Finck, and on the same day the court entered an order making the substitution. On April 29, 1912, Thacker & Hancock presented a motion for an order of default against the coal company for want of an appearance. This motion was supported by the affidavit of Floyd M. Hancock, one of Laisure's attorneys, that the coal company had been duly, legally, and personally served with summons and complaint; that, although twenty days had elapsed since the service, the coal company had not answered, demurred, or moved against the complaint nor appeared in the action and was then in default. On the same day, April 29, 1912, the court entered an order of default against the coal company. On January 25, 1913, after a trial to the court, a superior judge from another county presiding, the court entered findings in favor of Laisure and signed a judgment against the coal company in favor of Laisure for $3,500. The judgment was filed and entered on February 13, 1913. All of these things were done

without any notice to, or knowledge on the part of, the coal company or its attorney. About September 11, 1915, the attorney for the coal company fortuitously discovered from the record in the clerk's office that the judgment had been entered against his client. Till then both he and his client seem to have assumed that the action had been abandoned.

On September 20, 1915, this action was commenced by the coal company as plaintiff against Laisure as defendant to set aside the judgment entered in the original action. In the complaint most of the foregoing facts are set out and it is alleged that defendant fraudulently withheld from his attorneys, Thacker & Hancock, and from the court all knowledge of any appearance by the coal company. It is further alleged that:

"Plaintiff further avers that the defendant well knew the allegations of his complaint in said action No. 4886, that there were no timbers or props present in the working place of plaintiff's mine as alleged by him were false, and that timbers were at all times maintained in abundance in and about said mine for the use. of its miners and workmen and in particular for the use of defendant. Plaintiff further avers that it is not true as alleged by defendant that he made complaint to plaintiff's superintendent or to plaintiff that the roof of its said mine was dangerous or that he requested to have timbers furnished him which were not furnished; or that he relied upon any promise or assurance of plaintiff or its superintendent that it was safe, or that timbers would be furnished which were not furnished for his use. Neither is it true as alleged that plaintiff or its superintendent knew or had cause to know the roof of its mine to be dangerous or unsafe on the 17th day of January, 1911, or at any other time while defendant was working in said mine; or that same was at any time unsafe while defendant was working therein, and he well knows that at no time was any request made by him for props or timbers for use in said mine that same were not furnished and at hand for his use. Plaintiff further avers that any caving or falling of the roof or any other part of its mine upon defendant, if the same occurred, was not due to any carelessness or negligence on the part of plaintiff or its superintendent as alleged by defendant in his complaint as he well

knows, and that any injury or hurt alleged to have been sustained by him because of any defect or want of safety in plaintiff's mine was and is simulated and exaggerated and not because of any fault or negligence upon the part of plaintiff or its superintendent and he well knows that the allegations of his complaint in that behalf are false and that the falsity thereof would have been proved and that plaintiff was in no wise liable therefor had notice been given of the hearing of said cause and opportunity given to the plaintiff to make defense in said action against rendition of said judgment."

The answer is a traverse of the allegations of the complaint.

The following is all of the evidence offered to show that plaintiff, had it been permitted to defend the original action, would have presented a meritorious defense to that action:

Mr. Reynolds testified on direct examination as follows:

"Q. Was there anything else (besides the fact, which he had learned, that Owens & Finck had been disbarred) that you found out that led you to discontinue your investigations of the records in the clerk's office?"

Objection to the question was overruled.

"A. I investigated all of the facts, I made as good investigation as I could, I found that Mr. Laisure had worked right along, that he could not have done so if he had been injured as he said, as he alleged."

The court sustained a motion to strike the answer.

"There was one other thing I want to suggest as a reason. I saw by the complaint, there were two dates alleged that he was injured, it says that he was injured on June 17, 1911, and on that date he was not working for the company."

Motion to strike this was sustained.

Mr. Leonard, president of the coal company, testified on cross-examination:

"Q. You assumed from the conversation that you had with Mr. Reynolds that the case would not be proceeded with further, did you not?   A. Well from the conversation that we had, and from the fact that there was nothing in the case, I did not think it would go any further.   Q. I presume you

knew that if the case was dropped at that time, that it would be to the advantage of your company, the Chehalis Coal Company? A. I supposed that it had been dropped."

The court made findings too lengthy for quotation, concluded that the judgment assailed should be vacated, and entered a decree vacating that judgment and authorizing the Chehalis Coal Company, plaintiff here, to file its appearance as defendant in the original action of Laisure v. Chehalis Coal Company, and to proceed with its defense in that action. The court neither found nor did it adjudge that the plaintiff herein has or had a valid defense to the original action.

Defendant Laisure appeals, assigning as error, (1) that the findings do not support the decree, and (2) that the proofs were insufficient to sustain the decree.

This is a suit in equity. The making of findings of fact and conclusions of law, though entirely proper, was unnecessary. *Cook v. Washington-Oregon Corporation*, 84 Wash. 68, 146 Pac. 156, 149 Pac. 325; *Wintermute v. Carner*, 8 Wash. 585, 36 Pac. 490; *Knowles v. Rodgers*, 27 Wash. 211, 67 Pac. 572; *White Crest Canning Co. v. Sims*, 30 Wash. 374, 70 Pac. 1003. The case being here for a trial *de novo*, we must look to the evidence in any event. Rem. Code, § 1736.

The real question in this case arises under the second assignment. Will equity relieve against a judgment rendered in an action at law without an adjudication that there is a defense on the merits? Appellant assumes the negative, relying mainly upon the decisions of this court in *Brandt v. Little*, 47 Wash. 194, 91 Pac. 765, 14 L. R. A. (N. S.) 213; *Hoefer v. Sawtelle*, 43 Wash. 23, 85 Pac. 853, and *Williams v. Breen*, 25 Wash. 666, 66 Pac. 103. Respondent urges the affirmative, placing its reliance mainly upon the cases of *Hole v. Page*, 20 Wash. 208, 54 Pac. 1123; *Bennett v. Supreme Tent etc. Maccabees*, 40 Wash. 431, 82 Pac. 744, 2 L. R. A. (N. S.) 389; *Lushington v. Seattle Auto & Driving Club*, 60 Wash. 546, 111 Pac. 785, and *Sakai v. Keeley*, 66 Wash. 172, 119 Pac. 190. We think that the logical trend of our own de-

cisions makes the answer to this question depend upon whether or not the judgment sought to be vacated in any given case is void or merely voidable.

This court has held that a suit in equity to set aside a judgment is a direct, not a collateral attack, and in such a case it may be shown by evidence *de hors* the judgment roll that the judgment was void for want of service of process. *Johnson v. Gregory,* 4 Wash. 109, 29 Pac. 831, 31 Am. St. 907. The same principle is declared in at least two other decisions of this court where it is held that a cross-complaint seeking affirmative relief against a judgment is a direct, not a collateral attack, on the judgment, and that in such a case evidence *aliunde* the judgment roll is admissible to show the judgment void for lack of valid service. *Waterman v. Bash,* 46 Wash. 212, 89 Pac. 556; *Northwestern & Pacific Hypotheek Bank v. Ridpath,* 29 Wash. 687, 70 Pac. 139.

It must, of course, be conceded that a proceeding by motion or petition under the statute (Rem. Code, §§ 303, 464) to set aside a judgment is a direct and not a collateral attack on the judgment. This court is also committed to the doctrine that, in *proceedings under the statute* by petition or motion to set aside a judgment obtained without jurisdiction, i. e., without legal service of process, the lack of such service may be shown by evidence *de hors* the judgment roll, and in such a case no other showing is required; that, this being shown, the judgment is void and the court has the inherent power to clear its record of the void judgment, and that no affidavit or showing of merits in such a case is necessary. *Lushington v. Seattle Auto & Driving Club,* and *Sakai v. Keeley, supra; Wheeler v. Moore,* 10 Wash. 309, 38 Pac. 1053; *Bennett v. Supreme Tent etc. Maccabees, supra; Dane v. Daniels,* 28 Wash. 155, 68 Pac. 446.

But the statutory proceeding to vacate a judgment is but a statutory substitute for the bill in equity for the same purpose. *Denny-Renton Clay & Coal Co. v. Sartori,* 87 Wash. 545, 151 Pac. 1088; *Williams v. Stackweather,* 24 R. I. 512,

53 Atl. 870. Since both are direct attacks, and since the lack of jurisdiction by valid service may be shown in both cases by evidence *aliunde* the judgment roll, and since one is but a statutory substitute for the other, it·would seem to fol- low as of course that the inherent power of the court to clear its records of a void judgment in a suit in equity brought for the purpose should be no more circumscribed than in a proceeding under the statute for the same purpose. In neither case should this inherent power be held to be dependent upon an affidavit or showing of merits. Such a showing is logically no more necessary in the one case than in the other. It is the *fact* of lack of service and the *fact* that the judgment is void, not merely irregular or voidable, which invokes this in- herent power of the court in any case.

It would seem, therefore, that the decision in the case of *Brandt v. Little, supra,* relied upon by appellant, though probably in harmony with the preponderance of authority in other jurisdictions, is, as intimated in *Lushington v. Seattle Auto & Driving Club, supra,* out of logical harmony with our own decisions. Certainly if, as held in *Johnson v. Greg- ory, Waterman v. Bash,* and *Northwestern & Pacific Hypo- theek Bank v. Ridpath, supra,* the lack of jurisdiction because of lack of service may be shown by evidence outside of the judgment roll in a suit in equity, there is no good reason why the inherent power of the court to vacate the void judgment without a further showing of merits should depend on whether the fact of lack of jurisdiction appears on the face of the record or not. The judgment is simply void, and when that fact is shown it is no less void in one case than in the other.

But whatever the rule may be in suits in equity to set aside judgments absolutely void for lack of service, that rule is not essentially controlling here, since the judgment here involved was not a void judgment. Though the copy of the summons which was served upon respondent as defendant in the original action was not signed, the complaint in this action does not attempt to assert that fact as a ground for vacating the

judgment. Moreover, respondent actually appeared in response to that service by serving upon appellant's then attorneys in that action a motion to require the complaint to be made more definite and certain and a demand for a bill of particulars, thus effectually waiving any defect in the service and submitting to the jurisdiction of the court. The court thereafter had jurisdiction. If through fraud or concealment practiced upon it, or through inadvertence or mistake, it thereafter entered a judgment prematurely or while a motion was pending undisposed of and without notice, the judgment was irregularly entered. It was voidable, not void. 1 Freeman, Judgments (4th ed.), § 126; *Marshall & Ilsley Bank v. Milwaukee Worsted Mills*, 84 Wis. 23, 53 N. W. 1126; *Salter v. Hilgen*, 40 Wis. 363; *Davison v. Brown*, 93 Wis. 85, 67 N. W. 42; *In re Estate of Newman*, 75 Cal. 213, 16 Pac. 887, 7 Am. St. 146; *Ballinger v. Tarbell*, 16 Iowa 491, 85 Am. Dec. 527; *McAlpine v. Sweetser*, 76 Ind. 78. It is the rule in such a case with which we are here concerned.

In reviewing proceedings under the statutes to vacate judgments not void for lack of service, but voidable because suffered through excusable neglect, mistake, surprise or inadvertence of a party (§ 303), or for mistake, neglect or omission of the clerk, or irregularity in obtaining the judgment, or fraud of the successful party, or unavoidable casualty or misfortune (§ 464), this court has repeatedly held that it is not enough merely to show the existence of the statutory grounds for vacation, but that there must also be shown the existence of a valid defense on the merits to the action in which the judgment was rendered.

In *Northern Pac. & P. S. S. R. Co. v. Black*, 3 Wash. 327, 28 Pac. 538, in review of a proceeding instituted by motion under § 303, this court said:

"Two things at least must concur—an excusable mistake, followed by a judgment which is wrongful or oppressive; and however clearly the first may be made to appear, no court will relieve against a judgment regularly entered unless it

*prima facie* appears from the showing that said judgment is wrongful or oppressive as against the party moving:"

In *Tacoma Lumber & Mfg. Co. v. Wolff*, 7 Wash. 478, 35 Pac. 115, 755, in reviewing a proceeding instituted by petition under § 464, the court said:

"All courts hold, and we have frequently done so, that it is not enough to entitle a party to have a judgment against him vacated that he should show that it had been irregularly entered; he must, in addition thereto, establish to the satisfaction of the court the fact that such judgment is unjust and inequitable as against him. Proceedings of this kind are of an equitable nature, and courts will not interfere with the judgment simply because it may have been erroneously entered, unless, in addition thereto, it is made to appear that it is unjustly burdensome to the moving party. In such a proceeding pure technicalities can have little influence upon the decision of the court, if the judgment sought to be vacated is not of such a nature that, if it were set aside, the moving party would be able to interpose a substantial defense upon a new trial, or in another proceeding involving the same cause of action."

In *Williams v. Breen*, 25 Wash. 666, 66 Pac. 103, in reviewing a proceeding instituted under both of the above mentioned sections of the statute, this court again held that in addition to a showing of the statutory grounds for vacation, the provisions of Rem. Code, § 469, requiring an adjudication that there is a valid defense must also be met, and are sufficiently met when "the court finds that the facts alleged constitute a defense to the cause of action stated in the complaint, and that there is substantial evidence to support the allegations."

In *Hoefer v. Sawtelle*, 43 Wash. 23, 85 Pac. 853, was involved a proceeding under the statute to vacate a judgment for fraud on the part of defendant's attorneys in stipulating for the entry of the judgment. The petitioners set up the facts showing the fraud and alleged that they had a meritorious defense to the action. The trial court sustained a

demurrer to the petition. This court affirmed that ruling on the ground that § 469 required an adjudication of a valid defense as a prerequisite to a vacation of the judgment, and added:

"It would be impossible for the court to have adjudged that there was a valid defense to the action under the averments of the petition which, in this respect, is simply a bare conclusion that appellants have a meritorious defense to the action brought against them."

The sum of the holdings in these cases is that, where the judgment sought to be vacated is not void for lack of jurisdiction obtained by service, but is voidable because irregularly or fraudulently procured, it will not be vacated until the court finds, not only that the facts alleged in the petition to vacate constitute a defense to the cause of action stated in the complaint in the original action, but also that there is substantial evidence to support, at least *prima facie*, the matter of defense so alleged. As pointed out in *Williams v. Breen, supra,* this does not mean that the court on such a petition must try the entire cause, but only that it must find that the evidence adduced is *prima facie* sufficient to take the case to a jury. See, also, *Paltro v. Gavenas, ante* p. 327, 166 Pac. 1156. This is not only the rule in this state, as amply sustained by the above decisions, but it is the general rule under statutes such as ours. Rem. Code, § 469.

"The applicant must show that he has a valid and meritorious defense to the action; and this must be made to appear, not by a mere averment that he has such a defense, but by setting forth fully the facts which constitute the proposed defense. And in some of the states, it is provided by statute that a judgment shall not be vacated until it is adjudged that there is a valid defense to the action, or, if the plaintiff seeks its vacation, that there is a valid cause of action. Where this provision is in force, it is error for the court to render a judgment of vacation before it has adjudged that there is a valid defense." 1 Black, Judgments (2d ed.), pp. 535, 536, § 346a.

The same rule prevails almost universally where relief against a judgment not void but voidable is sought by action in equity on the ground of irregularity or fraud in its procurement. *Bankers' Union of the World v. Landis*, 75 Neb. 625, 106 N. W. 973; *Massachusetts Benefit Life Ass'n v. Lohmiller*, 74 Fed. 23; *Reed v. Bank of Ukiah*, 148 Cal. 96, 82 Pac. 845.

Again it would seem, therefore, that the decision of this court in *Hole v. Page*, 20 Wash. 208, 54 Pac. 1123, in which it was held that the defendant was entitled, as a matter of right, to have a premature default judgment set aside without any affidavit or showing of a meritorious defense, is also out of harmony, not only with our own decisions, but with the great weight of authority everywhere, whether the proceeding be under the statute by motion or petition or by an independent action in equity. That decision would be sound enough in its reasoning had its premises been sound. The premises, however, were faulty in that it seems to have been assumed that the judgment, because prematurely entered, was absolutely void, whereas, the court having acquired jurisdiction by service of summons, the premature default rendered the judgment voidable merely, not void. That case has been cited by this court as authority in cases of judgments void for want of any service, but has not been followed in any case where the judgment involved was merely voidable. We think the rule there announced should be limited to cases involving void judgments, as distinguished from those voidable merely from whatever cause.

The grounds alleged for setting aside the judgment in this case are clearly irregularity in obtaining the judgment and fraud practiced by the prevailing party. These are statutory grounds. Rem. Code, § 464. It is a general rule that, if a party seeks relief from a judgment on any of the grounds specified in the statute, he must bring himself within its terms and his application must be made within the time limited. 1 Black, Judgments (2d ed.), p. 512, § 334. The ap-

plication may be made by an independent suit in equity where the failure to discover the ground within the time limited by the statute is traceable to fraud or concealment of the adverse party. Equity will always relieve against the consequences of concealed fraud or fraud by concealment if invoked promptly on discovery. *Denny-Renton Clay & Coal Co. v. Sartori*, 87 Wash. 545, 151 Pac. 1088; *Peyton v. Peyton*, 28 Wash. 278, 68 Pac. 757.

We think the respondent in the case before us has brought itself within this rule. While appellant probably was not guilty of any conscious fraud, and his present attorneys certainly were not, his former attorneys just as certainly were. They knew that respondent had appeared in the original action but did not divulge the fact to their client. As between him and respondent, he was nevertheless chargeable with their knowledge. The appellant and his present attorneys were thus led to apply for and secure a default judgment without notice to respondent, and in fraud of respondent's rights. The true facts were not discovered until a short time before the commencement of this action. We are convinced that respondent in its complaint stated a cause of action for vacation of the judgment and also stated facts which would constitute a meritorious defense. It failed, however, to introduce any substantial evidence *prima facie* calculated to sustain these matters of defense. The evidence offered was purely hearsay and conclusions. Owing to the apparent logical incoherence of our own decisions, however, simple justice demands that the cause be remanded with leave to respondent to present such evidence if it can.

A question going to our jurisdiction to hear this appeal, though not raised in the briefs nor in argument, met us at the threshold of our investigation and should be noticed.

This court has repeatedly held that an order, entered on motion or petition in the original action, setting aside a default judgment and giving a defendant leave to appear and defend is not appealable. *Freeman v. Ambrose*, 12 Wash.

1, 40 Pac. 381; *Hart Lumber Co. v. Rucker*, 17 Wash. 600, 50 Pac. 484; *Nelson v. Denny*, 26 Wash. 327, 67 Pac. 78; *Metler v. Metler*, 28 Wash. 734, 69 Pac. 9. See, also, *Tatum v. Geist*, 40 Wash. 575, 82 Pac. 902. This, on the ground that the order can be reviewed after a final judgment shall have been entered in the cause by an appeal from such final judgment. This court has also held that, though the proceeding be by separate action to set aside the judgment, it must be treated as a proceeding within the original cause and not as an independent action, when filed within one year from the date of entry of the judgment, because the statutory method is exclusive during that year, and in such a case no appeal will lie from the order since it may be reviewed on appeal from any final judgment thereafter entered in the original cause. *State ex rel. Post v. Superior Court*, 31 Wash. 53, 71 Pac. 740; *Post v. Spokane*, 35 Wash. 114, 76 Pac. 510; *Sengfelder v. Powell-Sanders Co.*, 40 Wash. 686, 82 Pac. 931; *Reitmeir v. Siegmund*, 13 Wash. 624, 43 Pac. 878. While it does not appear in the opinions in the *Sengfelder* and *Reitmeir* · cases that the proceedings to vacate were commenced in either of those cases within the year from the entry of the judgment, we have examined the record in each case and find that, as a matter of fact, the judgment in each case was actually entered less· than a year before the commencement of the proceeding to vacate. In the *Sengfelder* case, the judgment was entered *nunc pro tunc* as of a date more than a year prior to the commencement of the proceeding to vacate, but this court on appeal treated the date of the judgment as of the actual date of entry as is shown by the citation of the *Post* cases. But in no case has this court held, where a judgment is vacated through an independent action in equity for fraud in its procurement which was not discovered till after the expiration of the statutory period from the actual entry of the judgment, that such action in equity should be or can be treated as a proceeding in the original cause so as to render the decree in the equity suit reviewable

on an appeal from the judgment which may be finally rendered in the original action. The contrary view would seem inevitable, since it is only by virtue of the statute and the exclusiveness of its remedy that the proceeding to vacate a judgment, other than by the ordinary motion for a new trial, can be considered a proceeding in the original action in any case. As we attempted to point out in *Denny-Renton Clay & Coal Co. v. Sartori, supra,* except in cases of judgments void for lack of jurisdiction, it is only in cases where the judgment is assailed on the ground of concealed fraud or fraud by concealment in its procurement that resort may be had to a suit in equity to vacate it after the expiration of one year. It would seem illogical and incongruous to hold that the exercise of this equity jurisdiction, which exists not because of, but in spite of, the statute governing the procedure in the original action, is nevertheless a proceeding in that action. These considerations have moved us to entertain this appeal.

The judgment is reversed, and the cause is remanded with direction to the trial court to take such competent proof as may be offered in support of the matters of defense set forth in the complaint, and thereon determine whether respondent has substantial evidence to sustain the matters alleged in defense to the original action. If that question be determined in the affirmative, the judgment should be vacated, with leave to both parties to make up the issues for trial; but if determined in the negative, the original judgment should stand.

MORRIS, MAIN, and PARKER, JJ., concur.

CHADWICK, J. (dissenting)—I think the complaint is sufficient and the judgment should be affirmed.