[No. 22507. Department Two. September 8, 1930.]
MERCHANTS' COLLECTION COMPANY, *Respondent*, v.
E. A. SHERBURNE, *Appellant*.[1]

*E. R. Lindsey,* for appellant.
*W. H. Merriam,* for respondent.

FULLERTON, J.—This appeal is from an order denying a motion to set aside a judgment. No statement of facts accompanies the record. From the transcript, it appears that, in May, 1928, the respondent began an action against the appellant on a promissory note made and delivered by the appellant to the respondent's assignor. The complaint, with the usual summons, was served on the appellant on May 18, 1928. On June 8, 1928, an amended complaint was filed and served on the appellant. The appellant did not appear in the action, and on June 19, 1928, the respondent moved for, and obtained, an order of default and a judgment against her; the judgment being for the amount stated in the amended complaint as being due on the note.

On November 20, 1929, some seventeen months after the entry of the judgment, the appellant appeared by attorney and moved to set aside and vacate the judgment, basing the motion on the ground that the judg-

[1]Reported in 290 Pac. 991.

ment was void for want of jurisdiction, because the time allowed by law for the appearance of the appellant in the action had not expired at the time of its entry. The court entered an order denying the motion, and it is from this order that the appeal before us is taken.

From the dates above given, it will appear that, while more than twenty days elapsed between the time the summons in the action was served upon the appellant and the time of the entry of the judgment against her, less than twenty days elapsed between the time of the service of the amended complaint upon her and such entry.

The appellant's contention is, as we gather it, that she was not obligated to appear on the return day of the summons, but, because of the service upon her of an amended complaint between the date of the summons and its return day, she had twenty days after the time of that service in which to appear in the action, and any judgment entered in the action prior thereto is premature and void.

But we cannot follow the appellant in her conclusions. We think it can be seriously questioned whether an amended complaint filed and served on a defendant prior to the return day of the summons extends the time for the appearance of the defendant in the action; but, waiving this, she is mistaken in her contention that a judgment prematurely entered is void. Such is not the rule. A judgment prematurely entered is voidable, but it is not void. *Chehalis Coal Co. v. Laisure*, 97 Wash. 422, 166 Pac. 1158. Being voidable, it may be successfully attacked under certain conditions by a motion made within the statutory limit of time fixed for attacking judgments by motion, but after that time, the judgment becomes invulnerable to a motion.

428

In this instance, the motion was filed long after the statutory period for attacking judgments had expired. It was not accompanied by any showing of fraud or concealment on the part of the plaintiff, or excusable neglect on her part. It was based wholly on the face of the record, from which it appears that the judgment might possibly have been prematurely entered. This was not enough to warrant setting aside the judgment.

The order of the trial court should be affirmed, and it is so directed.

MITCHELL, C. J., HOLCOMB, MAIN, and FRENCH, JJ., concur.