[No. 1323.  Decided December 17, 1894.]

H. W. WHEELER, *Respondent*, *v.* JAMES A. MOORE ET AL., *Defendants*, MOORE INVESTMENT AND MORTGAGE COMPANY, *Appellant*.

VACATING JUDGMENT—PROCEDURE—SUFFICIENCY OF PETITION.

In a proceeding for vacating a judgment under the provisions of Code Proc., § 1393 *et seq.*, no affidavit of merits is necessary, the peti-

tion for vacating judgment being required to state facts upon oath; nor is it necessary to tender an answer until after it is determined that the grounds alleged for the vacation are sustained.

Where it is sought to procure the vacation of a judgment on the ground that it was rendered without proper service having been had upon defendant, and was based upon a promissory note which defendant had never executed, the proceeding is governed by the provisions of Code Proc., § 1393 *et seq.*, and not by those of § 221.

*Appeal from Superior Court, King County.*

*Ira Bronson*, for appellant.

*L. H. Wheeler* and *Thompson, Edsen & Humphries*, for respondent.

The opinion of the court was delivered by

STILES, J.—This action was commenced September 25, 1893, and the last day to answer was October 15. But the 15th fell upon Sunday, and under the act of 1893, chap. 127, § 26 (p. 415), the defendants had all of the next day, Monday, in which to answer. A default judgment was entered on Monday, however, which was irregular but not void. In January, 1894, after execution had been levied, and when the sheriff was about to sell property thereunder, application was made to vacate the judgment and let the appellant in to answer.

The action of the court seems to have been based upon two grounds, viz., because no answer was presented, and because the moving papers did not show a defense. The respondent urges, also, that there was no affidavit of merits. All this, it seems to us, proceeds upon the theory that the proceeding was one under Code Proc., § 221, where the ground of the application is the mistake, surprise, inadvertence or excusable neglect of a party. But this was not a case of that kind. The cause assigned for the vacation of the judgment was that the person upon whom the record showed the summons was served as the president of the corporation was not and never had been one of its officers, and, therefore, there had been no service at all upon it; which

would leave the court without jurisdiction to enter a judgment, if this allegation were true. And the defense was that the note sued upon as a corporation note was never executed by it. These facts were somewhat carelessly presented, but the defects were formal only, and they brought the case within the provisions of the code with reference to vacating judgments (Code Proc., § 1393 *et seq.*). The petition was subject to demurrer or motion to make more specific, and might have been amended, if found deficient. But if no objection was made to it, it stood for a trial as required by § 1398. It was not necessary to tender an answer until after it was determined whether the grounds alleged for the vacation were sustained. No affidavit of merits was required because the petition must state facts upon oath.

Reversed and remanded for further proceedings in accordance herewith.

DUNBAR, C. J., and HOYT, J., concur.