[No. 6334. Decided November 14, 1906.]

JOSHUA PEIRCE et al., Appellants, v. NATIONAL BANK OF GERMANTOWN, Respondent.[1]

JUDGMENT—ENTRY—STATUTES—CONSTRUCTION. Bal. Code, § 4804, providing that upon proof of default, the court "shall" thereupon enter judgment, is not mandatory in the sense that failure to enter judgment immediately will result in loss of jurisdiction.

ACTIONS—ABANDONMENT—DELAY IN ENTERING JUDGMENT—NOTICE. An action is not abandoned by the delay of four years, after entry of default, in proceeding to judgment, and judgment then entered without notice to the defendant is not void.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered March 3, 1906, upon sustaining a demurrer to plaintiff's complaint, dismissing an action to quiet title. Affirmed.

T. L. Stiles, for appellants.

C. M. Easterday, for respondent.

FULLERTON, J.—The appellants brought this action to remove a cloud from title. In the complaint it is alleged that the appellants are the owners of certain real property situated in the county of Pierce; that on August 27, 1892, in an action brought in the superior court of that county, the respondent recovered a judgment against Joshua Peirce for the sum of $1,489 on a contract for the payment of money; that on August 23, 1898, a few days before an action would have been barred by the statute of limitations, the respondent brought an action against him on the former judgment, and caused summons to be personally served on him in the manner required by statute; that he made no appearance in the action, and on December 22, 1898, the respondent caused the summons with proof of service, an affidavit of no appear-

ance, and a formal motion for default and judgment, to be filed with the clerk; and that the matter was then suffered to rest until March 25, 1903, a period of four years, three months and four days, when judgment was entered as of the last-mentioned date without further notice to Peirce. The complaint concludes with the allegation that the judgment was entered without jurisdiction and is for that reason void, and that it constitutes a cloud upon the plaintiff's title which prevents the sale and disposition thereof. The prayer is that the judgment be decreed to be void, and ordered cancelled of record.

To this complaint a demurrer was interposed and sustained. The appellants thereupon elected to stand on the complaint, when a judgment of dismissal was entered. The appeal is from that judgment.

To sustain their complaint, the appellants make two contentions: First, that the statute providing for the entry of default judgment upon contracts for the recovery of money only makes it mandatory upon the court to enter judgment immediately upon the filing of the proof of service; and, second, that by the long and unexplained delay in entering its judgment, the action was abandoned by the plaintiff, and the court was without jurisdiction, at the time it purported to enter judgment, to enter any judgment in the case.

The statute relied upon to sustain the first contention is found at § 735 of Pierce's Code (Bal. Code, § 5090). This section provides that in any action arising on contract for the recovery of money only, the plaintiff may file proof of personal service of the summons and complaint on one or more of the defendants, and that the court "shall" thereupon enter judgment for the amount claimed. But we cannot think this statute mandatory in the sense that it requires the court, under the penalty of a loss of jurisdiction over the subject-matter of the action, to enter judgment immediately on the filing of proof of service on one or more of the defendants. The section is only one of a number enacted to

govern the practice in civil actions, and to construe it as being mandatory would render it out of harmony with such others. To illustrate: Certain sections give a defendant a fixed time, varying according to the place of service, the shortest of which is twenty days, in which to appear and answer after service is made upon him. Others again prescribe the mode and manner of service, and the character of the return that shall be made by the officer or person making the service. These permit the return to be filed with the clerk at any time after the service is made, whether or not the judge of the court or the plaintiff is present, and whether or not the time in which the defendant has to appear and answer has expired. It is plain that, if the statute is mandatory, a plaintiff may unwittingly lose his right to a judgment through no fault of his own, as he has no means of knowing when the return will be filed; or the court may be compelled to enter a judgment before the time of service has expired, since the officer making the service need not wait for that length of time before making and filing his return of service. While other examples might be given, these are sufficient to show that the statute cannot receive a mandatory construction without the necessity of radical changes in the existing practice.

The other contention is of more moment, but we do not think it fatal to the validity of the judgment. Had the defendant, after the lapse of a reasonable time, and before judgment was finally entered, moved the court to dismiss the action for want of prosecution, doubtless the court would have been justified in granting the motion, especially in the absence of a showing that there was some just cause for the delay. And it may be that the trial court would have been justified, on its own motion, in refusing to enter judgment after so long a delay, at least, until further notice was served on the defendant. But after judgment is entered, we think the defendant's right to have the action dismissed for mere delay is foreclosed, and that any successful attack on the

judgment must be based on grounds that would have required its vacation if entered when the action first became ripe for judgment. Any other rule, it seems to us, would result in uncertainty, as there could be no way of determining whether a given judgment was void or valid.

The cases cited by the appellants, as we read them, do not support their contention. The case of *Den, ex dem. Rutherford v. Fen, Folger, Tenant*, 20 N. J. L. 299, is most nearly in point, but there is a wide difference between that case and the one at bar. That was an action in ejectment brought against the casual ejector, Richard Fen, and the tenant in possession, without joining the real owner of the land. The tenant afterwards became a lunatic and ceased to occupy the premises. Nothing was done in the action until a lapse of nearly twenty years, when the plaintiff moved for judgment against the casual ejector. This motion was denied by the trial court, and its ruling was affirmed on appeal. In the case before us the trial court did not refuse to enter judgment. The question in the one case was, therefore, did the trial court abuse its discretion in refusing to enter judgment after so long delay, while in the other it is, is the judgment void. As we think the judgment not void, the judgment appealed from must be affirmed. It is so ordered.

MOUNT, C. J., HADLEY, DUNBAR, CROW, RUDKIN, and ROOT, JJ., concur.