[No. 11848. Department One. July 11, 1914.]

FIRST NATIONAL BANK, *Respondent*, v. W. L. DUDLEY,
*Appellant*.[1]

JUDGMENT—DEFAULT—VACATION—GROUNDS—PROCEEDINGS TO COM-
MENCE ACTION—DELAY. Under Rem & Bal. Code, § 220, providing
that an action may be commenced either by the service of a sum-
mons or filing a complaint, a delay of three years in filing the com-
plaint after commencement of the action by the service of a sum-
mons and copy of the complaint, does not deprive the court of juris-
diction to enter a default judgment, or warrant the vacation of the
default, where there had been no appearance by the defendant.

Appeal from an order of the superior court for King
county, Smith, J., entered October 3, 1913, denying a mo-
tion to vacate a judgment. Affirmed.

*James M. Palmer*, for appellant.

*James Kiefer*, for respondent.

MAIN, J.—This is an appeal by the defendant, W. L. Dud-
ley, from an order of the superior court overruling a motion
to vacate and set aside a judgment.

On August 5, 1910, as shown by the sheriff's return, the
appellant was personally served with a summons and a copy
of the complaint in an action in which he was a party de-
fendant. Nothing further appears to have been done in
connection with the prosecution of the action until the 3d
day of October, 1913, on which date the complaint was filed
with the clerk of the superior court and a default judgment
entered against the appellant. Prior to the entry of the
judgment, the appellant had not in any manner appeared
in the action. On October 18, 1913, a motion was inter-
posed to vacate and set aside the judgment. This was the

[1]Reported in 141 Pac. 884.

appellant's first appearance.   This motion was based upon the claim that the judgment was void because more than three years had elapsed between the date of service of process and the date of filing the complaint and entry of judgment.

The only point presented upon this appeal is whether the court had jurisdiction to enter the judgment on October 3, 1913.   It is claimed that the respondent had remained inactive for an unreasonable length of time after service of the summons and a copy of the complaint; and that, therefore, there was an abandonment of the action, and that the court was without jurisdiction to enter the judgment.   This contention seems to overlook the provision of the statute relative to the manner in which an action in the superior court may be commenced.   By Rem. & Bal. Code, § 220 (P. C. 81 § 131), it is provided:

"Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided, or by filing a complaint with the county clerk as clerk of the court:   Provided, that unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint."

Under this section of the statute, an action may be commenced in the superior court, either by service of a summons or by filing a complaint with the clerk of the court.   In the present action, as already noted, the action was begun by service of a summons and a copy of the complaint.   This gave jurisdiction of the appellant.   The fact that there was a delay of more than three years in the filing of the complaint would not divest that jurisdiction and deprive the court of power to enter the judgment after the filing of the complaint.   Had the appellant appeared prior to the entry of the judgment and moved the court to dismiss the action

because of the delay in its prosecution, a different question would be presented. *Snohomish Land Co. v. Blood*, 40 Wash. 626, 82 Pac. 933; *Peirce v. National Bank of Germantown*, 44 Wash. 404, 87 Pac. 488. In the case last cited, speaking upon this question, it was said:

"Had the defendant, after the lapse of a reasonable time, and before judgment was finally entered, moved the court to dismiss the action for want of prosecution, doubtless the court would have been justified in granting the motion, especially in the absence of a showing that there was some just cause for the delay. And it may be that the trial court would have been justified, on its own motion, in refusing to enter judgment after so long a delay, at least, until further notice was served on the defendant. But after judgment is entered, we think the defendant's right to have the action dismissed for mere delay is foreclosed, and that any successful attack on the judgment must be based on grounds that would have required its vacation if entered when the action first became ripe for judgment. Any other rule, it seems to us, would result in uncertainty, as there could be no way of determining whether a given judgment was void or valid."

The judgment will be affirmed.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.