[No. 11828.   Department Two.   September 12, 1914.]

PLOUGH HARDWARE COMPANY, *Appellant*, v. THOMAS M. BRUCE *et al., Respondents.*[1]

TRIAL—FINDINGS OF FACT—NECESSITY.   In an action against lessees of land to foreclose a chattel mortgage upon crops, in which the owner of the land was made a party because of his claimed interest in the crops, on account of default of the lessees in failing to farm the land as provided in the lease, resulting in the production of a volunteer crop, a finding that title to the crop of grain was at all times in the owner of the land will be sustained, and it cannot be claimed that the finding is a mere conclusion and negatived by other portions of the findings, in the absence of facts in the record affirmatively so showing, since findings are not necessary to support a decree in an equity case.

APPEAL—REVIEW—FINDINGS.   Findings of the lower court will not be disturbed on appeal in the absence of the evidence.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered September 22, 1913, upon findings in favor of the defendants, after a trial to the court, in an action to foreclose a mortgage.   Affirmed.

*C. M. N. Love* and *Hibschman & Dill*, for appellant.

*Wm. O. Lewis*, for respondent Bruce.

*W. O. Miller*, for respondents Coss & Jansen.

PARKER, J.—The Plough Hardware Company commenced this action in the superior court for Adams county against Raymond Stevenson and Henry Stevenson, copartners, to foreclose a mortgage given to it by them upon crops to be produced and harvested during the year 1912, on section 7, township 15, range 31, in Adams county, Thomas M. Bruce being made a defendant in the action because of his claimed interest in the crops which the chattel mortgage purported to cover.   Thomas M. Bruce claims under a prior chattel mortgage given to him by the Stevensons as to crops grown

[1]Reported in 142 Pac. 1144.

upon the east half of the section, and asks for foreclosure thereof by cross-complaint, and claims absolute ownership of the crops grown upon the west half of the section. A trial resulted in a decree foreclosing his mortgage upon the crops produced upon the east half of the section, and denying foreclosure of the hardware company's mortgage upon the crops produced upon the west half of the section. From this disposition of the cause, the Plough Hardware Company has appealed. The controversy here has to do only with the claims of the respective parties to the crops produced upon the west half of the section, which were adjudged to belong absolutely to Thomas M. Bruce, free from the lien of appellant's mortgage given to it by Stevenson and son.

The record before us contains no statement of facts showing the evidence upon which the learned trial court disposed of the cause. The facts found, and those admitted by the pleadings, so far as need be here noticed, may be summarized as follows: Thomas M. Bruce, respondent, has been at all times here involved the owner of the whole of section 7, and other lands, subject only to the rights of Stevenson and son under a three-year crop lease given by him to them in August, 1911, which lease contains, among other things, the following covenants and agreements:

"All the above described lands to be used for farming purposes and in a manner more particularly set forth as follows:

"All of east ½ of section 7, and all of N west ¼ of section 16 to be seeded during September and October, 1911 and alternately farmed in like manner during the life of this contract; all of west ½ of section 7 and north ½ and the southeast ¼ of section 17 to be plowed and seeded within the year 1912, and alternately farmed in same manner during the life of this contract. . . .

"It is further agreed that party of first part [Bruce] is to receive and be entitled to the following proportion of the products raised on the said premises, to-wit, wheat, rye and hay, one-third, delivered to most accessible warehouse situated on railroad in Adams county, state of Washington. . .

"It is further agreed that . . . if default shall have been made in any of the above covenants herein contained, it shall be lawful for the said party of the first part [Bruce] to re-enter the said premises and remove all persons therefrom."

The words "alternately farmed," it is conceded, means to seed and produce crops on the land in alternate years. In November, 1911, Stevenson and son, being indebted to appellant Plough Hardware Company, gave to it, to secure such indebtedness, a chattel mortgage upon "all the grain now being, standing and growing on, or that may be sown during the year 1911, and which during the season of 1912 may or shall be harvested or threshed from . . . section 7, township 15, range 31, E. W. M. . . ." The trial court found, touching this lease and appellant's rights thereunder, as follows:

"That it was provided in said agreement that said defendants Henry Stevenson and Raymond A. Stevenson should plow and seed to grain, in the year 1912, all of the west half of said section seven (7), township fifteen (15), range thirty-one (31), but that said defendants failed and neglected to plow or seed the said land in the season of 1912 and that all of the crop of grain grown thereon in the season of 1912 was a crop of volunteer wheat produced thereon without the expenditure, upon the part of said defendants Henry Stevenson and Raymond A. Stevenson, of any labor, seed, care, expense or labor whatsoever; that the title to the crop of grain grown thereon in the season of 1912 was at all times in the defendant Thomas M. Bruce."

These are all the material facts disclosed by the record before us which lend any aid to the solution of the problem presented.

Counsel for appellant contend that that part of the court's finding above quoted, to the effect "that the title to the crop of grain grown thereon in the season 1912 was, at all times, in the defendant Thomas M. Bruce," is, in substance, but a mere conclusion of law, and is negatived by other portions

of the findings.  We are unable to agree with this conten-
tion.  Assuming, for the sake of argument, that this portion
of the finding should be regarded only as a conclusion of law,
nothing appears in the findings of the court, or elsewhere in
the record, affirmatively disclosing facts inconsistent with
this conclusion.  We have seen that respondent, by the terms
of the lease, had the right to enter upon the land and re-
claim the same upon default in performance of the covenants
to be performed by the Stevensons.  While the findings,
aside from this one claimed to be a mere conclusion of law,
are not specific and certain as to whether respondent did
take possession of the west half of the section and claim a
forfeiture of Stevenson and son's right to that part of the
leased land by reason of their failure to perform the cove-
nant relative to plowing and seeding in the year 1912, look-
ing to the production of a crop in the year 1913, there is
nothing in the findings, or elsewhere in the record before us,
affirmatively showing that respondent did not rightfully re-
gain possession and control of the west half of the section.
It is to be remembered that the judgment in favor of re-
spondent, so far as his right to the crops produced in 1912
upon the west half of the section are concerned, is wholly
negative.  So it is not a question of whether the findings of
the court affirmatively support that portion of the judgment.
The real question is:  Do the findings of the court, taken
as a whole, affirmatively show a state of facts which nega-
tives respondent's right to the crops produced upon the west
half of the section, as against the rights of appellant, which
is seeking to foreclose a mortgage against respondent not
executed by him?  It was wholly unnecessary, in support of
this portion of the judgment favorable to respondent, that
there be any findings at all; first, because this is an equity
cause; and second, because respondent was on the defensive
as to the crop upon the west half of the section, and the
judgment denies the affirmative relief claimed by the plaintiff
against him.  *Schlossmacher v. Beacon Place Co.*, 52 Wash.

588, 100 Pac. 1013; *Broderius v. Anderson*, 54 Wash. 591, 103 Pac. 837; *Leitch v. Young*, 60 Wash. 446, 111 Pac. 449.

We conclude that, since there are no sufficient affirmative findings of fact to negative the conclusion of the trial court, that the title to the crop produced upon the west half of the section was at all times in respondent, and, the evidence not being brought here for our review, we are unable to say that the disposition of the cause in respondent's favor was erroneous. Presuming, as we must, that the judgment is correct, in the absence of facts in the record affirmatively showing to the contrary, it must be affirmed.

It is so ordered.

CROW, C. J., FULLERTON, MOUNT, and MORRIS, JJ., concur.