[No. 17314.    Department One.    January 5, 1923.]

ED. WOLFE et al., Respondents, v. HENRY GERLICH TIE & TIMBER COMPANY, Defendant, PACIFIC SLOPE LUMBER COMPANY, Appellant.[1]

JUDGMENT (36)—DEFAULT—VACATION—DISCRETION.  It is not an abuse of discretion to refuse to vacate a judgment entered on failure of counsel to appear on the trial day, where it appears that a request for a continuance was denied two days before the trial, and the place of trial was but a short distance away and accessible, and no excuse was given.

Appeal from an order of the superior court for Clarke county, Simpson, J., entered November 12, 1921, denying a motion to vacate a default judgment, after a hearing upon affidavits.  Affirmed.

*Frank J. Streibig, Jr., Guy C. H. Corliss,* and *Miller, Wilkinson & Miller,* for appellant.

*C. S. Lane* and *R. C. Sugg,* for respondent.

MITCHELL, J.—The plaintiff in this action sued the Henry Gerlich Tie & Timber Company and the Pacific Slope Lumber Company on an open account. The suit was in the superior court of Clarke county. The Pacific Slope Lumber Company was represented by two attorneys residing in Portland, Oregon.  After the issues were made up, the case was set for trial with the consent of counsel on both sides.  Two days before the trial, one of the attorneys for the Pacific Slope Lumber Company, on account of sickness, called by telephone one of the attorneys for the plaintiff and requested a continuance of the trial.  There is some conflict as to whether or not there was any definite understanding between them at that time.  The attorney for the defendant states that he understood the request

[1]Reported in 211 Pac. 753.

was granted.  This is positively denied by the attorney spoken to, who says that he told defendant's attorney he was only associate counsel for the plaintiff, and that it would be necessary for him to consult both his client and leading counsel before deciding, which opposite counsel conceded, and asked to be advised during the day if the continuance would be consented to, giving the number of his residence telephone in Portland.

Counsel for plaintiff further says in his affidavit that he saw the necessary parties within thirty minutes, and thereupon telephoned counsel for defendant in Portland that the request for a continuance would not be granted, but would be resisted.  The attorney for the defendant admits in his affidavit that, about an hour and a half after the conversation asking for the continuance, plaintiff's attorney called him up and told him they would not agree to a continuance.  The trial took place at the appointed time.  The court, by a formal order, declared the non-appearance of the Pacific Slope Lumber Company, and upon the evidence introduced, entered findings and judgment in favor of the plaintiff for the full amount demanded in the complaint.  The Pacific Slope Lumber Company thereafter made an application to the trial court to vacate the judgment.  There were some other affidavits used on the application, but those already mentioned control the situation.  Upon hearing the application, an order was entered reciting the appearance of respective counsel; the submission of the motion upon the pleadings and files in the action, and upon the affidavits for and against the motion, and oral representations of the attorneys.  The application or motion to vacate the judgment was denied.  The Pacific Slope Lumber Company has appealed.

This kind of an application calls in question the exercise of a sound judicial discretion on the part of

the trial judge. In the present instance, the judge had before him not only the conflicting affidavits of the attorneys, but he heard the attorneys orally in discussing them. The situation gave to him surroundings of which we are largely deprived. It is to be observed that the attorney for the appellant admitted in his affidavit that there was, or had been, a second interview over the telephone; he did not deny the affirmation that his home telephone number was given in the first talk as a matter of convenience for the second conversation; and at the same time, he admitted that in the second conversation the request for a continuance was denied. In addition to this, it is known that Portland is easily accessible to Vancouver, and there is an absence of anything in the record tending to show any effort on the part of appellant's counsel who made the affidavit, or of his associate counsel then in Portland, making any application to the trial judge for a continuance during the two days occurring before the trial.

We find no reason to disturb the order, which is hereby affirmed.

PARKER, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.