[No. 18713. Department One. September 23, 1924.]

R. RICH et al., *Respondents*, v. HENRY KRUGER, *Appellant*.[1]

TRIAL (150, 157)—FINDINGS OF FACT—NECESSITY—CONSISTENCY WITH DECREE. Findings of fact, showing a modification of the oral contract sued on, support a judgment and decree at variance with such oral contract, and the presumption is that the decree is correct in the absence of facts affirmatively showing to the contrary.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered December 3, 1923, upon findings in favor of the plaintiffs, in an action for equitable relief, tried to the court. Affirmed.

*William C. Meyer* and *E. A. Cornelius*, for appellant.
*James A. Brown*, for respondents.

[1]Reported in 228 Pac. 1012.

MACKINTOSH, J.—The record in this case contains no statement of facts. The case was one in equity in which the court made findings of fact and a decree, which were as follows:

". . . both sides concurring in the court's jurisdiction to settle the entire matter, and being finally submitted for judgment, the court makes the following findings and decree:

## I.

"That plaintiffs, R. Rich and Bertha Rich, are and were at all times herein mentioned, husband and wife.

## II.

"That said plaintiffs are now and were at all times herein mentioned the owners of Lots Four (4) and Five (5) in Block Five (5), Manito Park Addition to the city of Spokane, Spokane county, Washington.

## III.

"That heretofore and on or about the 26th day of December, 1922, plaintiffs and defendant entered into an oral contract for the construction of two five-room houses on said lots; that under the terms of said oral agreement, plaintiffs were to be allowed the sum of One Thousand Dollars ($1,000) for each of said lots; that plaintiffs were to furnish all money necessary to pay for the material and labor on said buildings; that the defendant was to superintendent the construction of said buildings; that upon their completion said buildings were to be sold, and after first deducting the cost of said lots at One Thousand Dollars ($1,000) each, and the cost of the material and labor in the construction of said buildings, the balance if any was to be divided equally between the plaintiffs and the defendant herein, said defendant to accept said one-half of said balance in full satisfaction for his services in lieu of wages or other compensation; that defendant commenced the construction of said houses during the month of January, 1923; that the work proceeded slowly and in the month of August, 1923, there was an

attempt to divide said property, whereby the plaintiffs were to take what is known as the south property, better known as Lot Five (5) in Block Five (5) Manito Park Addition in the city of Spokane, Spokane county, Washington, and defendant was to take the north lot of said property, better known as said Lot Four (4); that pursuant thereto defendant ceased to perform labor and supervision on the house on said Lot Five (5) and devoted his entire time to the building on Lot Four (4); that plaintiffs went in and with other help completed the building on Lot Five (5).

### IV.

"That for the purpose of constructing said buildings it was agreed between the plaintiffs and defendant that plaintiffs should place a Three Thousand Dollar ($3,000) mortgage on each of said lots, which said mortgage is now a lien thereon.

### V.

"That defendant has invested none of his individual money on said buildings; that plaintiffs have spent a large sum of money toward the construction of said houses in addition to the aforesaid Three Thousand Dollar mortgages; that a great many bills for material on said houses have not yet been paid.

### VI.

"That in order to make an equitable settlement of the entire matter

"It Is Hereby Ordered, Adjudged and Decreed that plaintiffs shall make a deed to defendant conveying to said defendant Lot Four (4) in Block Five (5) Manito Park Addition to the city of Spokane, Spokane county, Washington, as herein provided, and place the same. with the county clerk . . . which said deed shall be subject to the existing mortgage for Three Thousand Dollars ($3,000) on said property, which defendant is to assume and agree to pay, and direct the said county clerk to deliver said deed to said defendant when said defendant shall deliver to the county clerk within the time herein stated, a second mortgage

to plaintiffs on said Lot Four in the sum of $1,114.23, which said mortgage shall mature concurrent with the first mortgage and shall bear interest at the same rate and payable in the same manner, and in addition thereto defendant shall pay to the county clerk . . . the sum of One Thousand Two Hundred Twenty-five Dollars, seventy-two cents ($1,225.72), in cash to be used by plaintiffs in paying unpaid lumber bills on said houses, plumbing bills, heating bills and painting bills.

"That in the event defendant does not deliver to the said county clerk the said second mortgage, together with the sum of $1,225.72 within 30 days from November 27, 1923, then plaintiffs may withdraw from said county clerk their deed as mentioned herein, and pay to said county clerk the sum of $471 to be used by said Henry Kruger, which said $471 shall be paid to the said Kruger by said county clerk when he shall file with the said clerk a receipt showing the sum of $108 incurred for oak floors to have been paid, and further receipts from the said defendant releasing all of his claims for compensation of whatever kind which might belong to said defendant by reason of services or anything done on said premises or by reason of said employment. The aforesaid deed not to be withdrawn from said county clerk until the expiration of two weeks from the expiration of said thirty days from the 27th day of November, 1923, and said sum of $471 to be paid in to said county clerk at the time said deed is withdrawn."

Although, of course, it is unnecessary for the court to make findings of fact in an equity suit, yet, if they are made, the same rule should be applied to their consideration, in the absence of a statement of facts, as is applied to suits at law under the same circumstances. The question then is whether the decree is so inconsistent with the findings of fact that it finds no support in them.

We start with the presumption that the decree is

correct, in the absence of facts affirmatively showing the contrary. It is argued by the appellant that the findings and decree are hopelessly inconsistent. But their examination does not disclose this condition to exist. It is true that the court found a specific oral contract between the parties, but the court also found that the work under this contract was proceeding slowly and that the parties attempted to divide the property and to settle the matters in which they were jointly interested in a way different from that provided in the oral contract, and that in pursuance of this attempted division, the appellant ceased to perform the labor and supervise the work on lot 5, as was called for in the original contract, and thereafter devoted his entire time to the building on lot 4, which he was to receive under the new arrangement, and that, in pursuance of this new arrangement, the respondents completed the building on lot 5, and that, the oral contract was further modified by both the parties thereto agreeing that the respondent should place mortgages on each of the lots, and that the oral contract was not carried out as outlined in finding 5. The decree provides for a division of the property according to the modifications of the oral contract, and in addition makes an accounting between the parties for the various sums which have been expended in the venture.

As we view it, there are ample facts in the findings to support the court in decreeing the division; and the court having assumed jurisdiction to determine the rights of both parties, or, as stated in the preamble to the findings, "to settle the entire matter," we cannot see that the decree is inconsistent with the facts. The court had a similar situation before it in *Plough Hardware Co. v. Bruce,* 81 Wash. 431; 142 Pac. 1144, where it said:

"The real question is: Do the findings of the court, taken as a whole, affirmatively show a state of facts which negatives respondent's right to the crops produced upon the west half of the section, as against the rights of appellant, which is seeking to foreclose a mortgage against respondent not executed by him? It was wholly unnecessary, in support of this portion of the judgment favorable to respondent, that there be any findings at all; first, because this is an equity cause; and, second, because respondent was on the defensive as to the crop upon the west half of the section, and the judgment denies the affirmative relief claimed by the plaintiff against him."

The judgment is therefore affirmed.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.