[No. 18945.    Department Two.    May 6, 1925.]

GUST SPIECKER *et al., Respondents,* v. FIRST NATIONAL BANK OF ODESSA *et al., Appellants.*[1]

FRAUDULENT CONVEYANCES (40) — RETENTION OF POSSESSION — GROWING CROPS—RECORDING BILL OF SALE—STATUTES. Where the owner of land employs another to farm the same and raise a crop of wheat thereon, there is no room for the application of Rem. Comp. Stat., § 5827, relating to the filing of a conditional bill of sale from the owner to the employee, since the latter had no interest in the crop subject to the claim of his creditors.

ESTOPPEL (12, 17)—EQUITABLE ESTOPPEL—BY DEED—KNOWLEDGE OF FACTS. A creditor who levied upon and sold all the property of his debtor cannot claim that a third person, subsequently employing the debtor to work a farm, is estopped to claim title to crops raised for him on his own land by such employee; nor would such third person be estopped by the fact that his employee executed a chattel mortgage of "his interest" in the crop, where he had no notice of and never ratified the chattel mortgage.

[1] Reported in 235 Pac. 822.

Appeal from a judgment of the superior court for Adams county, Truax, J., entered May 19, 1924, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in replevin. Affirmed.

*W. M. Nevins,* for appellants.

*W. O. Miller,* for respondents.

HOLCOMB, J.—This is a replevin action brought against appellants for levying an execution upon and seizing a crop of wheat raised upon the land of respondents in 1923. The case was tried to a jury on the complaint, amended answer and reply.

The return of 2,860 sacks of wheat, or the alleged value thereof in the sum of $6,000, and damages for the detention of the same in the sum of $600, was demanded by respondents in their complaint. The amended answer of appellants set up certain denials, and by way of affirmative defense, among other things, alleged that Herbert Spiecker, the son of respondents, was the owner of this wheat, and that respondent Gust Spiecker procured and accepted a chattel mortgage from Herbert, covering the wheat, which was thereafter filed in the auditor's office of the county, with intent to defraud the appellant bank, which was one of Herbert Spiecker's judgment creditors, having a judgment against him obtained in January, 1922, for a large amount; that an execution had been levied upon this wheat for the satisfaction of that judgment, and the wheat sold on execution to appellant bank; that no bill of sale was taken or filed from Herbert Spiecker to respondents; that the purported transfer of the wheat was fraudulent; that Gust Spiecker was estopped by reason of taking the chattel mortgage. It was denied that the Spieckers were the owners of the wheat, and prayed that any conveyance from Herbert Spiecker to respondents be adjudged fraudulent.

In reply thereto, respondents made certain admissions and denials, and affirmatively pleaded that respondents reside at Wenatchee, but own the farm on which the wheat was grown; that they produced the wheat, and that they had no knowledge of any chattel mortgage given by Herbert Spiecker on the crop, and never accepted any chattel mortgage; that the wheat was produced by themselves at their own expense as to labor and supplies, and that Herbert Spiecker never at any time had title thereto or possession thereof, he having been employed only in the production of the grain by respondents.

The jury gave a verdict in favor of respondents that they were the owners and entitled to the immediate possession of 2,860 sacks of wheat, and in case the wheat could not be redelivered to respondents, that respondents were entitled to recover from appellants the reasonable value of the wheat, which the jury found to be $5,321.38, and $600 damages. On motion for judgment n. o. v., or in the alternative for a new trial, by appellants, the trial court required respondents to remit from the verdict the sum of $600 damages allowed under penalty of granting a new trial, which respondents remitted and judgment was entered on the verdict.

The evidence in the case that went to the jury is largely undisputed. The merest outline of it is all-sufficient to dispose of this case.

Respondents were, at all the times involved herein, the owners of the land on which the wheat was grown. For several years prior to January, 1923, respondents had rented the land to their son, Herbert, for a crop rental. It appears that the general vicissitudes of wheat farmers about that time, or at least the vicissitudes of Herbert, caused him to become insolvent about two years before January, 1923. Appellant, the bank,

having obtained a judgment against him for a large amount incurred during his farming operations, levied upon practically all the personal property of Herbert Spiecker in January, 1923, and caused it to be sold. Respondent Gust Spiecker attended the sheriff's sale at which the personal property of Herbert Spiecker was sold and bought some of the horses, farming implements and machinery, paying cash or giving his note to the representative of the bank who clerked at the sheriff's sale. He afterwards bought other machinery, implements and supplies at Odessa, paying or giving his note therefor, which were taken to his farm in Adams county and used by Herbert in his farming operations. After Herbert had been sold out, his father, who was present on the day of the sale, offered to employ Herbert and his wife at $1,500 a year to operate the farm for respondents. To this Herbert and his wife agreed. It was also agreed that respondents were to pay Herbert and his wife for the board of any farm hands which respondents should hire, at the rate of one dollar a day each.

In December, 1922, Herbert Spiecker, without the knowledge or consent of his father, went to another bank in Odessa than that of appellants and asked the cashier to write a chattel mortgage on what little property he had left to secure his father for the amount due from him to his father, which was shown in the judgment which appellant had against Herbert Spiecker to be the sum of $5,537. The father was in Wenatchee at that time. He did not know that the chattel mortgage and note had been executed; they were not delivered to nor received by him, but were sent by the bank at Odessa, at the request of Herbert, to the county auditor for filing. The filing fee was not paid by respondents; they knew nothing of the chattel mortgage, had never seen it or had it in their posses-

sion, until the father came to Odessa upon being informed by Herbert that the sheriff had levied upon their wheat. Upon arriving there he was shown a release of the chattel mortgage and the note which the son had executed in favor of the father at the time mentioned. He did not receive the same then, but with his son went to Ritzville and employed an attorney and demanded the return of the wheat. He never ratified or acknowledged the chattel mortgage in any way, even by causing the same to be released or satisfied.

Appellants claim error, first, in denying their challenge to the sufficiency of the evidence at the close of respondents' case, and at the close of the entire case; second, in denying their offer of blank forms of promissory notes which were in the possession of respondents, which had been mutilated by clipping the left-hand end thereof; third, in denying their motion for judgment n. o. v., or, in the alternative, for a new trial.

These assignments are all argued together, and it may be as well to dispose of the second one as to the refusal of the court to receive in evidence the blank forms of promissory notes in the possession of respondents, which had been clipped, by stating that there is no merit in it whatever. It is impossible for anyone to perceive what possible relevancy or materiality such evidence would have under the issues in this case.

As to the other claims, they rest upon the contention that there was a sale and transfer from Herbert Spiecker to his father on January 3, 1923, of all Herbert's personal property. Assuming that fact, appellants then claim that § 5827, Rem. Comp. Stat. [P. C. § 7747], was not complied with because no bill of sale was made and filed, and Herbert Spiecker was left in possession of the growing wheat crop.

There is no room here for the application of § 5827, *supra*. It would be a strange thing if one who owns land and puts it in charge of another as manager and operator should be required to procure and put on record some written evidence of his own title to his goods and chattels thereon. The evidence is undisputed that respondents placed Herbert and his wife in charge of their farm as laborers and managers, upon an annual salary. The jury found in their favor. In *Woody v. Wagner,* 89 Wash. 429, 154 Pac. 819, we held that, when the title passes back to the lessor by forfeiture of the leasehold, or voluntary surrender of the leasehold interest to the lessor, it carries title to unsevered crops even as against a mortgage on such crops. In *Plough Hardware Co. v. Bruce,* 81 Wash. 431, 142 Pac. 1144, we held that the owner of the land was entitled to the crop as against the holder of a chattel mortgage given to the mortgagee by the tenant, who afterwards failed to carry out the terms of the lease.

Nor is there any estoppel, either *in pais* or by the record. Appellants themselves knew that Herbert Spiecker had been entirely sold out of all instrumentalities wherewith to operate the farm as tenant. They also knew that he was insolvent and had neither money nor credit. They knew that respondents purchased at their execution sale of his chattels, stock and some machinery with which to operate the farm. They knew that respondents owned the farm.

The filing of the chattel mortgage by Herbert Spiecker, of which respondents knew nothing, never received or accepted, and never ratified or acknowledged in any way, could not constitute an estoppel.

There is nothing left to say.

We have carefully considered the 105-page briefs of appellants, and the entire record in this case as shown

by the abstracts, and can perceive no error in the proceedings or in the judgment.

The judgment is therefore in all things affirmed.

TOLMAN, C. J., FULLERTON, MITCHELL, and MACKINTOSH, JJ., concur.