[No. 22102. Department Two. April 3, 1930.]

MAYME HURBY, *Respondent,* v. F. J. KWAPIL *et al.,*
*Appellants.*[1]

*James R. Chambers,* for appellants.

*Hyland, Elvidge & Alvord* and *Tucker & Tucker,* for
respondent.

FRENCH, J.—This is an appeal from an order of the
superior court refusing to vacate and set aside an
order and judgment of default herein entered; refus-
ing to dismiss the case for want of prosecution, and
refusing to sustain a demurrer to the plaintiff's com-

[1]Reported in 286 Pac. 664.

plaint on the ground that the same was barred by the statute of limitations. These are the issues involved on this appeal as stated by the appellants' brief.

Respondent, in April, 1924, served and filed a summons and complaint seeking recovery upon four promissory notes, the principal sum of these notes aggregating about $2,200. At the time of the filing and serving of the summons and complaint, the statute of limitations would have run on one of the notes in about a week, and on the others the statute of limitations would have run in approximately six months. After the service and filing of the summons and complaint, in April, 1924, nothing further appears to have been done until April 4, 1929, when, there being no appearance made by the adverse party, respondent filed a motion for default, and had entered findings, conclusions and a decree awarding respondent a judgment for some $6,000 of principal, interest, attorney's fees and costs, etc.

On May 13, 1929, appellants served a motion entitled "Motion to set aside order and judgment and dismiss for want of prosecution." Thereafter a hearing was had on such motion, and the court orally announced an intention to vacate the order of default and the judgment entered thereon. Before a final order was presented, the respondent moved to reopen and reargue, and asked permission to file further affidavits touching on the defense that the appellants claimed to have to the merits of the action. This motion came on regularly for hearing on June 17, 1929, and the court thereupon granted permission to reargue and gave counsel leave to file further affidavits. Additional affidavits being filed, the entire matter then came on for reargument; and the court entered a final order in writing denying the application for vacation of the

judgment and denying the application to dismiss for want of prosecution. This appeal follows.

The first question presented by appellants is that the judgment entered April, 1929, should be vacated and set aside because of the fact that, while it is admitted that due and proper service of summons and . complaint were had, proof of service was not filed with the clerk of the court until some two or three days after the entry of the judgment, appellants arguing that, under the plain provisions of our statute, this was fatally defective. Both the judgment entered and the findings recite due service of process. Where the judgment recites due service of process, it will not be set aside because of any defects in the record.

"If it be conceded that the affidavit for service by publication was defective, and this is the only objection urged against the jurisdiction, yet the judgment recites that due service of process was made, and in such cases the presumption of jurisdiction is not overcome by any defects in the record. This question has been decided so often that it is no longer an open one in this court." *Peterson v. Lara,* 46 Wash. 448, 90 Pac. 596.

The second question raised by appellants is that for practically five years the summons and complaint remained on file with the clerk of the court of King county, no action was taken thereon, and that the entire proceeding must fall for want of prosecution. This question has also been decided adversely to appellants' contention in *First National Bank v. Dudley,* 80 Wash. 376, 141 Pac. 884, where this court quoted with approval and reaffirmed the doctrine announced in *Peirce v. National Bank of Germantown,* 44 Wash. 404, 87 Pac. 488, wherein we said:

"Had the defendant, after the lapse of a reasonable time, and before judgment was finally entered, moved

the court to dismiss the action for want of prosecution, doubtless the court would have been justified in granting the motion, especially in the absence of a showing that there was some just cause for the delay. And it may be that the trial court would have been justified, on its own motion, in refusing to enter judgment after so long a delay, at least, until further notice was served on the defendant. But after judgment is entered, we think the defendant's right to have the action dismissed for mere delay is foreclosed, and that any successful attack on the judgment must be based on grounds that would have required its vacation if entered when the action first became ripe for judgment. Any other rule, it seems to us, would result in uncertainty, as there could be no way of determining whether a given judgment was void or valid.''

The next question presented is whether or not it is necessary in an action such as this to set forth evidence showing a meritorious defense before a default judgment will be vacated.

This question has also been settled by the case of *Chehalis Coal Co. v. Laisure*, 97 Wash. 422, 166 Pac. 1158, where this court said:

''The real question in this case arises under the second assignment. Will equity relieve against a judgment rendered in an action at law without an adjudication that there is a defense on the merits? Appellant assumes the negative, relying mainly upon the decisions of this court in *Brandt v. Little*, 47 Wash. 194, 91 Pac. 765, 14 L. R. A. (N. S.) 213; *Hoefer v. Sawtelle*, 43 Wash. 23, 85 Pac. 853, and *Williams v. Breen*, 25 Wash. 666, 66 Pac. 103.

''It must, of course, be conceded that a proceeding by motion or petition under the statute (Rem. Code, §§ 303, 464) to set aside a judgment is a direct and not a collateral attack on the judgment. This court is also committed to the doctrine that, in *proceedings under the statute* by petition or motion to set aside a judgment obtained without jurisdiction, i. e., without legal service of process, the lack of such service may be

shown by evidence *de hors* the judgment roll, and in such a case no other showing is required; that, this being shown, the judgment is void and the court has the inherent power to clear its record of the void judgment, and that no affidavit or showing of merits in such case is necessary. *Lushington v. Seattle Auto & Driving Club,* and *Sakai v. Keeley, supra; Wheeler v. Moore,* 10 Wash. 309, 38 Pac. 1053; *Bennett v. Supreme Tent etc. Maccabees, supra; Dane v. Daniel,* 28 Wash. 155, 68 Pac. 446.

"The sum of the holdings in these cases is that, where the judgment sought to be vacated is not void for lack of jurisdiction obtained by service, but is voidable because irregularly or fraudulently procured, it will not be vacated until the court finds, not only that the facts alleged in the petition to vacate constitute a defense to the cause of action stated in the complaint in the original action, but also that there is substantial evidence to support, at least *prima facie,* the matter of defense so alleged."

 No good purpose could be served by setting forth the contents of the affidavits filed in this proceeding. It is apparent from the record that the notes in question were renewal notes given to respondent to replace certain notes which had been awarded to her in a divorce decree, the original notes having been payable to her then husband. It is also apparent from an examination of the record that the purported defense arose out of facts existing long prior to the giving of the original notes to the husband and five or six years prior to the giving of the renewal notes to the respondent. The lower court held that the facts set out in the affidavits did not and could not constitute a defense to this action, and with this view we agree.

No meritorious defense to the action having been shown by the facts stated in the affidavits, and it being a prerequisite to the setting aside of a default and

final judgment entered thereon under the facts of this case that a good defense be shown, the judgment is affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.