[No. 24199. Department Two. March 20, 1933.]

PIERCE B. PENFOUND, *Respondent,* v. ARCHIE GAGNON *et al., Appellants.*[1]

*Edwin C. Ewing,* for appellants.

*Robert A. Devers,* for respondent.

BLAKE, J.—This is an action for specific performance brought by the purchaser of real estate under an executory contract. The default of the defendants was regularly entered by a court commissioner on February 19, 1932. On February 20, findings were made and judgment entered in accordance with the allegations and prayer of the complaint. February 24, defendants filed a motion to set aside the order of default and vacate the judgment. The motion was supported by an affidavit setting up facts tending to excuse the default and alleging "that said defendants have a

[1]Reported in 20 P. (2d) 17.

meritorious defense." Motions for new trial and to review the order entering the default were filed February 25. On March 2, defendants filed an answer. An order denying all of the above mentioned motions was entered on March 8. Another order was entered on March 16, denying the motion for new trial. The defendants appeal from the judgment and the orders denying the motions. They are represented in this court by counsel other than those who represented them in the superior court.

■ A motion to set aside a default and vacate a judgment thereon is addressed to the sound discretion of the trial court. *Wolfe v. Gerlich Tie & Timber Co.*, 123 Wash. 70, 211 Pac. 753. A default judgment will not be set aside for irregularity without a showing of a meritorious defense. *Hurby v. Kwapil*, 156 Wash. 225, 286 Pac. 664. A bare statement that appellants had a meritorious defense was not sufficient. To entitle them to a vacation of the default and judgment, it was necessary for them to set out, in the supporting affidavit, the facts constituting the defense. *Hoefer v. Sawtelle*, 43 Wash. 23, 85 Pac. 853. Nor does the answer filed March 2 supply this deficiency. It was nothing more than a denial, and not a categorical denial at that. We are of the opinion that the trial court did not abuse its discretion in denying the motions to vacate the default and judgment.

■ Coming to the appeal from the judgment,— there is nothing before us for review. The findings conform to the allegations of the complaint. It being an equity case, however, the decree would be presumed to be correct without findings or with defective or irregular findings. *Rich v. Kruger*, 130 Wash. 656, 228 Pac. 1012. The judgment in such cases is presumed to be based on evidence not disclosed by the findings, and cannot be reversed when the evidence is

not before us. *Smith v. Dement Brothers Co.,* 100 Wash. 139, 170 Pac. 555; *Thompson v. Emerson,* 55 Wash. 138, 104 Pac. 201. In the latter case, it is said:

"In other words, error must appear affirmatively; it is not presumed from any mere defect or omission in matters that are not essential to be shown in order to constitute a valid record. So in the case before us, since it was not necessary that there be findings to support the decree, incomplete or defective findings will not invalidate it. The court will presume, in order to sustain the decree, that it was warranted by the evidence."

The judgment and orders appealed from are affirmed.

BEALS, C. J., TOLMAN, STEINERT, and MAIN, JJ., concur.